Argued February 24, reversed March 22, reconsideration denied April 28, petition for review denied May 25, 1976

FROSTY, *Respondent,*

*v.*

STATE ACCIDENT INSURANCE FUND,

*Appellant.*

(No. 75-2211, CA 5038)

547 P2d 634

*Kevin L. Mannix,* Assistant Attorney General, Salem, argued the cause for appellant. On the brief were Lee Johnson, Attorney General, W. Michael Gillette, Solicitor General, and James A. Hill, Jr., Assistant Attorney General, Salem.

*Evohl F. Malagon,* Eugene, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

SCHWAB, C. J.

## SCHWAB, C. J.

The issue in this workmen's compensation case is whether claimant's injury arose out of or occurred during the course of his employment. We find that it did not.

The claimant broke his leg while skiing at a ski resort. At the time of the accident claimant was employed as a bus driver and had driven a bus chartered by a ski club to the resort for a weekend of skiing. The ski club had requested that claimant be its driver, and he had been its driver on several previous occasions.

There were only three witnesses at the hearing — the claimant, another bus driver and claimant's immediate superior. Claimant testified that his supervisor was aware that he skied socially with the passengers on charter trips and that he had received no written or oral directive not to do so. The other bus driver, who also testified that he skied on charter trips, stated that he had never been told not to ski on charter trips but also that he had not told his superiors that he did ski.

The claimant's immediate supervisor testified that he had instructed claimant and the other driver that they were not to ski while on charter trips and that this was said in "coffee shop conversation." The referee in his opinion and order stated:

> "I find the evidence indicates the manager, whether he knew or didn't know that claimant was actually skiing, communicated to the claimant, however casually that he was not to ski on charters."

We find nothing in the record that would justify disregarding the referee's finding on the credibility of the witness as dispositive. *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971). We know of no case which holds that an injury is compensable when the activity

[ 853 ]

which gave rise to it was specifically prohibited and not necessitated by some unforeseen emergency.

Reversed.

**FORT, J.,** concurring.

I concur in the majority opinion and would add only that here claimant before going skiing had himself entered in his own log book that he was "off duty." He had also turned over the keys of the bus to the head of the ski group who had chartered the bus for the day, and he had agreed to look after the bus, including the needs of the charter group in reference to its use by them. Therefore, I conclude that he was not acting in the scope of his employment at the time of his injury, not only because he was clearly unauthorized by his employer to go skiing but also because the foregoing facts do not bring his claim within activities benefiting the employer within the tests outlined in 1 Larson, Workmen's Compensation Law 5-225, 5-228, 5-234, Acts Outside Regular Duties §§ 27.21 and 27.22 (a) and (b).