Argued December 17, 1976, affirmed January 24, 1977

HANSEN, *Appellant,*
*v.*
STATE ACCIDENT INSURANCE FUND et al,
*Respondents.*
(No. A76-08-11199, CA 7010)
558 P2d 1303

James D. Huegli, Portland, argued the cause for

appellant. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe and Ridgway K. Foley, Jr., Portland.

Kevin L. Mannix, Assistant Attorney General, Salem, argued the cause for respondent State Accident Insurance Fund. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

No appearance for respondent Timberline Ski School.

Before Schwab, Chief Judge, and Fort and Lee, Judges.

LEE, J.

**LEE, J.**

Claimant appeals from an order of the circuit court, affirming both the referee and the Workmen's Compensation Board, denying him compensation for a spinal injury he received while participating in a "freestyle" ski contest—involving among other things aerial or jumping maneuvers—on the ground that at the time he was injured claimant was not acting "in the course of and scope of his employment" as a part-time ski instructor.[1]

■ There exists no formula, framed in exact and precise terms, upon which we may rely in order to determine whether under the peculiar circumstances of any given case an employe has been injured within or outside the course of his employment. There are, however, several factors which this court has found to be useful as guidelines to that determination, including (1) whether the injury-producing activity occurred during the employe's scheduled hours of employment; (2) whether the activity which led to the injury was undertaken for the benefit of the employer or as a "personal mission" of the employe; (3) whether the employe was compensated for the injury-producing activity; (4) whether the activity was a customary one contemplated by the employer and employe either at the time of hiring or at a later date; and (5) whether the employe was obligated or expected to participate in the activity as a condition of his employment.[2]

That claimant's injury did not occur while he was

---

[1] ORS 656.005(8)(a) provides that a " 'compensable injury' is an accidental injury * * * arising out of and in the course of employment * * *." In *Ramseth v. Maycock,* 209 Or 66, 71, 304 P2d 415 (1956), the court noted that "[t]he words 'arising out of' are normally said to require a causal connection between the employment and the accident, while the words 'in the course of' point to the time, place and circumstances under which the accident takes place * * *." *See also Larson v. State Ind. Acc. Com.,* 135 Or 137, 295 P 195 (1931); *Rosencrantz v. Insurance Service,* 2 Or App 225, 467 P2d 664 (1970).

[2] *Casper v. SAIF,* 13 Or App 464, 511 P2d 451 (1973); *Etchison v. SAIF,* 8 Or App 395, 494 P2d 455 (1972); *Jordan v. Western Electric,* 1 Or App 441, 463 P2d 598 (1970).

on duty as a ski instructor is undisputed. Finding the testimony offered by witnesses appearing on behalf of respondent-employer Timberline Ski School to be "believable" the referee specifically determined (1) that claimant had been neither encouraged to enter the contest by anyone representing the respondent nor compensated by Timberline Ski School for his participating, and (2) that any benefit accruing to the respondent as a result of the contest itself, rather than claimant's participation in that contest, was only incidental at best. Claimant himself testified that his participation in the contest was not a "stated part" of his employment by respondent as a part-time instructor.[3] Finally, the referee, having had an opportunity to observe the claimant as a witness, found that it was "further believable that claimant's reason for joining the contest was to qualify for other contests and make a name for himself * * *," rather than to benefit his employer in any way.[4]

■ Taken as a whole the weight of the evidence included in the record before us indicates that claimant was not injured in the course of his employment as a ski instructor; his injury is not, therefore, compensable.

Affirmed.

---

[3] On February 1, 1975 Timberline Ski School had approximately 80 ski instructors on its staff; only three of those, including claimant, were among the participants in the freestyle competition.

[4] "In so far as the resolution of an issue turns upon the credibility of witnesses the court should give weight to the findings of the hearing officer who saw and heard those witnesses * * *." *Hannan v. Good Samaritan Hosp.,* 4 Or App 178, 192, 471 P2d 831, 476 P2d 931 (1970), Sup Ct *review denied* (1971); *see also Frosty v. SAIF,* 24 Or App 851, 547 P2d 634, Sup Ct *review denied* (1976).