Argued July 16, affirmed October 8,
reconsideration denied November 15,
petition for review denied November 27,1979 (288 Or 141)

# SCOTT,
## *Respondent,*
### *v.*
# STATE ACCIDENT INSURANCE FUND,
## *Petitioner.*

### (WCB No. 781540, CA 13811)

600 P2d 967

Argued and submitted July 16, 1979.

Darrell E. Bewley, Associate Counsel, State Accident Insurance Fund, Salem, argued the cause for petitioner. With him on the brief were K. R. Maloney, Chief Counsel, and James A. Blevins, Chief Trial Counsel, State Accident Insurance Fund, Salem.

Claud Ingram, John Day, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Richardson and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

This is a Workers' Compensation case in which SAIF first accepted the claim but later denied it, the referee affirmed the denial, the Board reversed. The facts are as set forth in the following "Order on Review."

"* * * * *

"Claimant, a 49-year-old rancher, suffered a low back injury on October 11, 1974 while trying to bring his horse under control after it was stampeded by a truck whose driver drove his vehicle into a herd of cattle claimant was driving along a public highway.

"Claimant and his wife had entered into an agreement in January 1970 with Erickson Supermarket to manage and occupy a ranch owned by Erickson's and to run the ranching operation for the mutual benefit of both parties. This agreement provided for claimant to have the right of pasturing upon Erickson's premises a maximum of 150 head of cattle with the provisions that he graze at least 75 head upon a Cascade reserve allotment during each annual grazing season (July 15 -October 15). All transportation expenses pertaining to this purpose were to be claimant's.

"Erickson, in turn, would furnish sufficient forage for 75 head of claimant's cattle during the full year and for the additional 75 head for each year with the exception of the grazing season.

"Claimant's private herd was to be limited to 150 head for which he was solely responsible. Claimant further had sole use of the house, joint use of outbuildings with claimant maintaining them. Also claimant was responsible for cultivating, raising, harvesting and storing crops and maintaining fences.

"Claimant was not paid any compensation other than that specified by this agreement. Claimant was in the process of returning his cattle to Erickson's ranch when the accident occurred. None of Erickson's cattle was involved.

"Claimant's injury was diagnosed as an acute lumbosacral strain by Dr. Herbert. The claim was accepted as a nondisabling injury.

[597]

> "Dr. Rankin, on October 28, 1977, diagnosed osteoarthritis, lumbar spine moderate secondary to lumbosacral strain with nerve root irritation with sciatica.
>
> "* * * * *."

■ SAIF argues that claimant's injury did not arise out of and in the course of his employment.[1] We disagree.

SAIF's position is that at the time of claimant's injury he was engaged in the operation of his own business for which no "wages" would be paid by Erickson because there was no benefit to Erickson. Claimant was also required by the agreement to pay for transporting his own cattle. Claimant argues that his "salary" in the agreement was not only the use of the house and ranch facilities and equipment but forage for 75 head of cattle during the full year and for an additional 75 head during all but the grazing season of the year. Claimant argues further that in order for him to "collect" his full "salary" it was necessary to return his cattle to the ranch or grazing.

■ 1A  A. Larson, Workmen's Compensation Law 5-1, Ch V, § 20.00 (1979) states

> "A compensable injury must arise not only within the time and space limits of the employment, but also in the course of an activity related to the employment. An activity is related to the employment if it carries out the employer's purposes or advances his interests directly or indirectly. Under the modern trend of decisions, even if the activity cannot be said in any sense to advance the employer's interests, it may still be in the course of employment if, in view of the nature of the employment environment, the characteristics of human nature, and the customs or practices of the particular employment, the activity is in fact an inherent part of the conditions of that employment."

---

[1] SAIF raises for the first time on appeal the issue of whether the relationship between claimant and the insured was an employe-employer relationship or a lessee-lessor relationship. There is no evidence in the record on this issue and we, therefore, do not consider it.

This general guideline has been applied in many previous cases and certain factors have been enunciated for consideration in determining whether the injury-producing activity arises out of and in the course of employment. *See Jordan v. Western Electric,* 1 Or App 441, 443, 463 P2d 598 (1970). In *Hansen v. SAIF,* 28 Or App 263, 558 P2d 1303 (1977) we said

"There exists no formula, framed in exact and precise terms, upon which we may rely in order to determine whether under the peculiar circumstances of any given case an employe has been injured within or outside the course of his employment. There are, however, several factors which this court has found to be useful as guidelines to that determination, including (1) whether the injury-producing activity occurred during the employe's scheduled hours of employment; (2) whether the activity which led to the injury was undertaken for the benefit of the employer or as a 'personal mission' of the employe; (3) whether the employe was compensated for the injury-producing activity; (4) whether the activity was a customary one contemplated by the employer and employe either at the time of hiring or at a later date; and (5) whether the employe was obligated or expected to participate in the activity as a condition of his employment. [Footnote omitted.]" 28 Or at 265.

In this case all of the guidelines listed above favor claimant. The first is not disputed, and the fourth and fifth are evident from the agreement. As to the second, we conclude the activity was undertaken for both the benefit of the employer and claimant in that claimant was required by the agreement to remove 75 head of his cattle for the grazing season, but he was allowed to graze them on the Erickson ranch the remainder of the year. The contract between Erickson and claimant states "ERICKSON'S reserves the right to place upon said premises its cattle in as large numbers as the land will accommodate." It is obvious the land would accommodate more of Erickson's cattle if claimant removed his 75 head each year during the grazing season, which he did to Erickson's benefit. The fact that the

injury occurred on the return trip rather than when claimant was removing the cattle is of no consequence because the removal for Erickson's benefit necessitated their return.

As to the third requirement listed above, the contract states in pertinent part

> "*As part of the consideration herein,* ERICKSON'S will furnish sufficient forage for 75 head of SCOTTS' cattle during each entire year and for the remaining 75 head of SCOTTS' cattle for each year with the exception of the grazing season above set out. * * *" (Emphasis supplied.)

It is clear that allowing all the cattle to graze at a specified time was a part of the consideration of the employment agreement, and was, in fact, part of the compensation to claimant for his work on the ranch. Consequently, the criteria set out above from *Hansen* have been met.

We conclude claimant's injury arose out of and in the course of his employment.

Affirmed.