476 P.2d 156

Elva Alice ROYALL, Petitioner,

v.

INDUSTRIAL COMMISSION of Arizona, Respondent,

Mountain States Telephone Company, Respondent Employer,

Mountain States Telephone Company, Respondent Carrier.

No. 10070–PR.

Supreme Court of Arizona, In Banc.

Oct. 23, 1970.

Gorey & Ely by Stephen S. Gorey and Sherman R. Bendalin, Phoenix, for petitioner.

Donald L. Cross, Chief Counsel, Phoenix, for respondent Industrial Commission.

Fennmore, Craig, von Ammon & Udall, by Michael Preston Green and C. Webb Crockett, Phoenix, for respondent Mountain States Telephone Co.

UDALL, Justice:

This case is before us on a petition by Mountain States Telephone Company for review of a decision of the Court of Appeals, 12 Ariz.App. 145, 468 P.2d 596 (1970), which set aside an Award of the Industrial Commission of Arizona denying compensation to the claimant, Elva Alice Royall. The Commission found that the injury sustained by the claimant occurred "during the course of" her employment, but that the accident did not "arise out of" her employment, and that the claim was therefore noncompensable.[1] The Court of Appeals held that the injury *did* "arise out of" claimant's employment and accordingly set aside the Award of the Industrial Commission. We granted the petition for review and we accordingly vacate the decision of the Court of Appeals.

---

1. This case was decided under the law as it existed prior to January 1, 1969.

For the reasons advanced below, we set aside the Award of noncompensability by the Industrial Commission.

Claimant Royall was employed by petitioner Mountain States Telephone Company as a telephone operator in petitioner's building at Adams Street and First Avenue in downtown Phoenix. Her shift began at 5:00 p. m. and ended at 11:00 p. m.; at 8:00 each evening she took a thirty-minute lunch break. She was compensated for this time, which the employer considered to be a combination of two 15-minute coffee breaks. Claimant was not restricted to the employer's premises during her break; however, she had established the custom of having coffee in the employer's cafetorium during this time. She was not aware of any restaurants in that area of downtown Phoenix which were open at 8:00 in the evening, and the fact that she had only thirty minutes precluded her from going outside the area. On the evening of April 17, 1968, claimant entered an employees' lounge on the premises during her lunch break in order to make a personal telephone call. She was walking toward the telephone when she tripped over the legs of a person sitting on a couch, fell to the floor, and suffered the injury which is the basis of her claim.

An employee is covered by our Workmen's Compensation Act if he is injured by an accident "arising out of and in the course of" his employment. A.R.S. § 23–1021. In the instant case, the Industrial Commission found that claimant Royall "sustained injury by accident during the course of her employment", but that "said accident did not arise out of claimant's employment and it is therefore noncompensable." The issue before this Court, therefore, is whether the accident was one both "arising out of" and "in the course of" claimant's employment so as to be within the coverage of the Act.

 Any attempt to determine whether a particular injury arises out of and in the course of employment should be made only by a judging body which is constantly aware of the basic concept of the nature and philosophy behind workmen's compensation. In Whitington v. Industrial Commission, 105 Ariz. 567 at 569, 468 P.2d 926 at 928 (1970), we stated that:

"It is universally understood that the purpose of the workmen's compensation laws is to spread the risk of injury inherent in a job, over the whole industry so that the cost of medical attention and loss of wages will be passed on by inclusion in the price of the product or service being sold by the employer, instead of having to be borne by the unfortunate individual who suffers the injury. This is a sound basis for such laws."

 This Court, from the inception of the Workmen's Compensation Act in this state, when called upon to interpret its terms, has consistently recognized that the act is remedial in nature and that its terms "should be given a liberal construction, with a view of effectuating their evident purpose of placing the burden of injury and death upon industry." Ocean Accident and Guarantee Corp. v. Industrial Commission, 32 Ariz. 265 at 272, 257 P. 641 at 643 (1927).

As to what is meant by the term "liberal construction" within the context of the Workmen's Compensation Act, this Court stated in Nicholson v. Industrial Commission, 76 Ariz. 105, 259 P.2d 547 (1953), that:

"A liberal construction is not synonymous with a generous interpretation. To interpret liberally envisions an approach with an open and broad mind not circumscribed by strictures or predilection, whereas a generous interpretation suggests freehandedness * * * largess. It is not in the power of this court to 'give' but it definitely is its duty to interpret the law to insure that what the law gives is not withheld." 76 Ariz. at 109, 259 P.2d at 549.

With these observations in mind we will proceed to consider what we believe the law to be as applicable to the facts in the case before us.

We must first define the meaning and scope of the terms "arising out of" and "in the course of", and then we must compare and contrast the elements or factors involved in each term so as to understand each individually and in its relationship to the other. Only in this way can we be properly prepared to deal with the issue of whether the injury in the case at bar was one "arising out of and in the course of" claimant's employment so as to fall within the coverage of the Workmen's Compensation Act.

As is stated at 1 Larson, The Law of Workmen's Compensation, § 6.10:

"The heart of every compensation act, and the source of most litigation in the compensation field, is the coverage formula. Forty-one states [including Arizona] have adopted * * * the formula: injury 'arising out of and in the course of employment.' * * *

"Few groups of statutory words in the history of law have had to bear the weight of such a mountain of interpretation as has been heaped upon this slender foundation. It is not surprising, then, that to make the task of construction easier, the phrase was broken in half * * * [and] each test [was] independently applied and met."

In the interest of brevity, where appropriate we will refer to these tests simply as the "arising" and "course" tests.

■ A compensable injury must *both* "arise out of" the employment, and be sustained "in the course of" the employment. The first term refers to the origin or cause of the injury, the second to the time, place, and circumstances of the accident in relation to the employment. Gaumer v. Industrial Commission, 94 Ariz. 195, 382 P.2d 673 (1963). An injury which occurs in the course of employment will ordinarily, but not necessarily, arise out of it, while an injury arising out of employment almost necessarily occurs in the course of it. Peter Kiewit Sons' Co. v. Industrial Commission, 88 Ariz. 164, 354 P.2d 28 (1960).

This Court has discussed the terms "arising out of" and "in the course of" in a number of cases, one of the most recent of which is City of Phoenix v. Industrial Commission, 104 Ariz. 120, 449 P.2d 291 (1969). In that case we quoted at length from Mc-Campbell v. Benevolent & Protective Order of Elks, 71 Ariz. 244, 226 P.2d 147 (1950), which defines the above terms as follows:

"An injury or accident occurs in the course of his employment if the employee is injured while he is doing what a man so employed may reasonably do within a time during which he is employed and at a place where he may reasonably be during that time. 'The words "in the course of" refers [sic] to the time, place, and circumstances under which it occurred.' Goodyear Aircraft Corp., [Ariz. Division] v. Gilbert, [65 Ariz. 379, 181 P.2d [624] 626] supra; Thomas v. Industrial Commission, 54 Ariz. 420, 96 P.2d 407.

"We believe a fair interpretation of the term 'arising out of' to be that the cause producing the accident must flow from a source within the employment. That source must have its situs in some risk inherent in the employment or incidental to the discharge of the duties thereof. In other words there must be some causal relation between the employment and the injury. * * *" 71 Ariz. at 251, 226 P.2d at 151.

■ Each case must be decided on its individual facts, and within the framework of the definitions set forth above. There is no "rule of thumb" that an injury is compensable merely because it was incurred during working hours or because it occurred within the linear measurements of the employer's premises. City of Phoenix v. Industrial Commission, supra, 104 Ariz. at 124, 449 P.2d at 294.

■ As mentioned above and as will be illustrated hereafter, the "course" and "arising" tests involve different elements or factors—in general, time, place, and circumstances for the one and causation for the other. These factors must be analyzed separately, and their individual strengths

and weaknesses noted. However, in determining whether the necessary degree or quantum of "work-connection" is established to bring the claimant under the coverage of the Act, it is also necessary to consider them together. See, in general, 1 Larson, The Law of Workmen's Compensation, § 29.

The type of activity which most clearly satisfies the ."course" test is the active performance by the employee of the specific duties which he was engaged to perform. A "weaker" class of activity—that is, which does not so clearly meet the "course" test or may fail to meet it altogether—includes those activities which are only incidental to the performance of the employee's duties, such as seeking personal comfort, going to and coming from work, engaging in recreation, and the like. Some of the activities of the latter type have been held to fall completely short of satisfying the "course" test. For example, in this jurisdiction, if at the time of an accident an employee is on his way to work or is on his way home from work with no duty to perform for his employer, the "going and coming" rule applies and the injury is noncompensable as being not within the course of employment. See, e. g., McCampbell v. Benevolent & Protective Order of Elks, supra, 71 Ariz. at 254, 226 P.2d at 153; City of Phoenix v. Industrial Commission, supra, 104 Ariz. at 124, 449 P.2d at 294.

As to the "causation" test, the type of accident which most clearly satisfies its requirements is one in which the source of the injury is distinctly associated with the employment, such as machinery breaking, objects falling, dynamite exploding, etc. The weakest type, on the other hand, exists where the source of injury or the cause of death relates to risks personal to the claimant which are in no way work-connected, such as a heart attack entirely attributable to a preexisting heart condition or a death from natural causes. In between these two types—the strongest and the weakest—fall those cases where the source of the injury is neither distinctly associated with the employment nor personal to the claimant, such as being hit by a stray bullet or being struck by lightning. Which of the situations falling within this middle category are considered to meet the "arising" test and which are not must of course be determined on a case-by-case basis, keeping in mind the purposes and intent of the Workmen's Compensation Act in the particular jurisdiction.

An examination of Arizona cases involving this area of subject matter reveals a pattern consistent with the principles stated above.

For example, in Goodyear Aircraft Corp. v. Industrial Commission, 62 Ariz. 398, 158 P.2d 511 (1945), the claimant was a watchman who was injured by a pop bottle which exploded as he was preparing to lower it into a water cooler. The water cooler was provided by the employer and the cooling of soft drinks in it was with the knowledge and consent of the employer. The conditions of employment made it necessary for the guard to bring the bottle of pop to work with him and leave it in the seat of his car until he could return for it. On the day of the accident, which was during the hottest part of the summer, he picked up the bottle in midafternoon and took it inside to the water cooler, where the accident occured. The "course" factor consisted of an activity—preparing food for consumption—which was only incidental to the specific duties required by the employment but which was done during working hours and on the premises. The "causation" factor consisted of a risk "to which he was subjected in the course of his employment, and to which he would not have been subjected had he not been so employed." 62 Ariz. at 416, 158 P.2d at 518. The factors of time, place, and circumstance were sufficiently strong to meet the "course" test; the causation factor was sufficiently strong to meet the "arising" test. Claimant was understandably held to fall within the coverage of the Act.

In Nicholson v. Industrial Commission, supra, 76 Ariz. at 105, 259 P.2d at 547, the claim was by a woman whose husband was

killed by the collapse of a loading platform under which he was eating lunch. He and others were there with the knowledge and consent of the employer, as it was the only shade in the desert area in which they were working. The "course" elements consisted of activities by the employee—eating lunch and winding up his affairs (the operation had been shut down until the following day) —which were only incidental to his main duties. However, the "arising" factor was unusually strong, as the cause or source of the injury related to a risk distinctly associated with the employment—the collapse of the loading platform. The employee was clearly within the coverage of the Act.

Applying the same type of analysis to the case at bar, we see the following: Claimant Royall was injured in an employees' lounge on the employer's premises during her paid lunch break. She was walking toward a telephone provided for the use of the employees by the employer telephone company when she tripped over the legs of another person, presumably a co-employee, sitting on a couch. She fell to the floor and suffered the injury which is the basis of her claim. As was stated above, in order to determine whether the accident was *in the course of* claimant's employment, we must look primarily to the factors of time, place, and circumstance; to determine whether it *arose out of* claimant's employment, we must look primarily to the factor of causation.

As to the *time* factor, the accident occurred during a thirty-minute paid lunch break which the employer considered to be the same as two coffee breaks. (Claimant worked from 5:00 to 11:00 each evening; her break was from 8:00 to 8:30.) As to the *place* factor, the accident occurred in an employees' lounge on the employer's premises while the claimant was walking toward a phone provided by the employer telephone company for the use of the employees. As to the *circumstance* factor, the claimant had established the custom of having coffee in the employer's cafetorium during her break. She was not aware of any restaurants in that area of downtown Phoenix which were open at 8:00 in the evening, and the fact that she had only thirty minutes precluded her from going outside the area. We are of the opinion that the time, place, and circumstance factors are more than adequate to meet the "course" test and accordingly hold that claimant Royall was in the course of her employment at the time of the accident.

In considering whether claimant's accident *arose out of* her employment, we must look to the factor of causation. Claimant Royall tripped over the legs of a person, presumably a co-employee, who was sitting on a couch in the employees' lounge. Under the particular circumstances of this case, we are of the opinion that the source of injury was sufficiently associated with the employment as to constitute a risk to which claimant was subjected in the course of her employment, and to which she would not have been subjected had she not been so employed. We therefore hold that the accident was one arising out of claimant's employment.

Inasmuch as claimant Royall's accident was one "arising out of and in the course of" her employment, A.R.S. § 23–1021, it is within the coverage of the Workmen's Compensation Act.

The Award of noncompensability by the Industrial Commission is accordingly set aside.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and McFARLAND and HAYS, JJ., concur.