539 P.2d 189

Patricia Ann CASSON, widow, William L. Casson, Deceased, Petitioner and Cross-Respondent,

v.

The INDUSTRIAL COMMISSION of Arizona, Respondent,

City of Kingman, Respondent Employer and Cross-Petitioner,

State Compensation Fund, Respondent Carrier and Cross-Petitioner,

Citizens Utilities, Respondent Employer.

No. I CA–IC 1173.

Court of Appeals of Arizona, Division 1, Department C.

Aug. 28, 1975.

Evans, Kitchel & Jenckes, P. C., by Robert R. Mills, David L. Beaugureau, Phoenix, for petitioner and cross-respondent.

Greg L. Folger, Chief Counsel, The Industrial Commission of Ariz., Phoenix, for respondent.

Lewis & Roca by R. Kent Klein, Robert K. Park, Chief Counsel, State Compensation Fund, Phoenix, for City of Kingman and State Compensation Fund.

## OPINION

NELSON, Presiding Judge.

On July 5, 1973, a tragic fire and explosion took place in Kingman, Arizona, claiming several lives and leaving many with severe injuries. William L. Casson, the deceased husband of the petitioner herein, Patricia Ann Casson (Casson), was one of the victims. He was killed while attempting to extinguish the fire when a railroad tank car exploded.

The petitioner and cross-petitioner present two questions to us. First, does the evidence support the hearing officer's finding that William Casson was killed as the result of an accident arising out of and occurring in the course of his employment with the Volunteer Fire Department of the City of Kingman as opposed to his regular employment with Citizens Utilities Company (Citizens), and secondly, if he was an employee of the City of Kingman at the time of the tragedy, was his average monthly wage properly found by the hearing officer?

We find that William Casson was killed as the result of an accident arising out of and occurring within the course of his employment with Citizens and therefore must set aside the award of The Industrial Commission of Arizona. Because of this resolution of the first issue before us, we do not decide the propriety of the average monthly wage which was set for Casson as a Captain in the Kingman Volunteer Fire Department.

Recognizing, as we must, that this Court reviews the factual record of The Industrial Commission of Arizona in a light most favorable to sustaining the award, *Micucci v. The Industrial Commission of Arizona*, 108 Ariz. 194, 494 P.2d 1324 (1972); resolves all conflicts in favor of upholding the award, *Malinski v. The Industrial Commission of Arizona*, 103 Ariz. 213, 439 P.2d 485 (1968); and will not disturb an award if it is reasonably supported by the evidence, *In re Estate of*

*Bedwell,* 104 Ariz. 443, 454 P.2d 985 (1969), we still must set aside this award. The evidence in this case is essentially not conflicting and there is only one possible inference to draw from that evidence, *Gronowski v. The Industrial Commission of Arizona,* 81 Ariz. 363, 306 P.2d 285 (1957): William L. Casson was killed as a result of an accident arising out of and taking place within the course and scope of his employment with Citizens Utilities Company.

While it appears that the hearing officer made a factual finding which should have inevitably led to the proper legal and factual conclusion regarding Casson's employment, he confused the nature of the general business of a utility company with Casson's particular job responsibilities therein, and thereby erred in his result.

Finding #2 is clearly correct:

"2. The evidence indicates that the deceased was a member of the Volunteer Fire Department not only with the permission of his superiors in the Citizens Utilities Company, *but at their request* for the protection and preservation of company property, occasionally subject to fire damage, as well as for public relations aspects. The deceased had experience and expertise as a power linesman and his services often were utilized during fires to protect fireman [sic] from falling power lines, to disconnect transformers and electrical equipment, and other functions consistent with his experience." (Emphasis supplied)

Finding #4 is where the hearing officer confused the general business of a utility company with the individual responsibilities assigned to Casson:

"4. Although the deceased in the instant case was not in a prohibited location nor performing a prohibited activity, it is considered that the benefits to the Citizens Utilities Company was [sic] only incidental to his activities as a volunteer fireman, and that the incident or explosion which resulted in his death did

not arise from a source within or because of a risk inherent in his employment as a manager of Citizens Utilities Company. Accordingly, decedent's death was not caused by an injury 'arising out of' the deceased's employment with the Citizens Utilities Company. In the case of *City of Phoenix v. Industrial Commission* [104 Ariz. 120, 449 P.2d 291 (1969)], cited in *Royall, supra* [*Royall v. The Industrial Commission of Arizona,* 106 Ariz. 346, 476 P.2d 156 (1970)], the court stated:

" 'The causative danger must be peculiar to the work [. . .] It must be incidental to the character of the business and not independent of the relation of master and servant. [ . . . ] It must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence.' [104 Ariz. at 123 (449 P.2d 291)].

"An exploding propane gas tank is not considered to be a risk inherent in deceased's employment with Citizens Utilities Company or to have flowed from a source within or as a natural consequence of this employment."

In general terms, that statement of the law and the general utility business as the lay public might view it is correct. The evidence in this case, however, is clear and without conflict, that Citizens Utilities Company required a certain number of their employees, as a condition of their employment, to become and remain members of the various volunteer fire departments in the communities they served, including William Casson in the City of Kingman, Arizona. Since Casson was required to be, or at least remain a fireman as part of his assigned duties with Citizens in Kingman, no one can seriously question the fact that the risk of an explosion was inherent in his regularly assigned duties.

William Casson worked for Citizens prior to World War II. After service in the armed forces, he was discharged in 1945 and returned to Citizens, where he

was employed in Kingman, Arizona until his untimely death. He had worked his way up from apprentice lineman to manager of Citizens in Mohave County, Arizona.

While there is no direct evidence as to exactly how Casson first became involved in the Kingman Volunteer Fire Department in 1947, or earlier, the methodology of selecting his successor to serve in the fire department as a representative of Citizens is enlightening. The president of Citizens, Ishier Jacobson, with headquarters in Stamford, Connecticut, testified at the hearing:

"Q. What is the present plan of your company, if any, to locate an employee to work with the Kingman Fire Department in a capacity similar to Mr. Casson?

"A. Well, first, so it is clear, the telephone company is our company also and we have two employees of the telephone division of Citizens Utilities Company who are on the fire department. And we are just talking about Kingman. We have the same in the electrical division down at Lake Havasu.

We do want one or two, but at least one of the men in the electrical division to be with the fire department, and we would prefer a kind of spontaneous volunteering for that assignment. And if that doesn't occur within a reasonable period of time, and it hasn't yet, then Schrader Moore [Casson's replacement as manager] will endeavor to persuade a qualified younger man to join the department and learn how to protect our equipment in the event of a fire; also, of course, to look out for the property of the community and the welfare of the community in fighting fires."

While there probably was no great fire in the late 1940's to put the damper on volunteering for "this assignment", Casson may well have been as much a "volunteer" as the new man on the Fire Department representing Citizens will be.

In any event, it is clear that when Casson was made manager in 1964, it was understood that he would retain the assignment on the fire department. Jacobson's testimony in this regard is unequivocal:

"Q. Did you personally in 1964 discuss with Mr. Casson his continuance on the volunteer fire department?

"A. I discussed that with Mr. Casson many times, and I would believe initially in 1964.

"Q. Do you recall when in 1964 you discussed that?

"A. Probably either in the spring or the summer of 1964, because I was out here frequently that year in connection with construction.

"Q. Had he already been put into the manager post at that time?

"A. Yes.

"Q. If at some time after 1964 Bill Casson had indicated that he no longer desired to remain on the volunteer fire department, would you as president of the company have recommended that he be fired from the manager's post?

"A. No. We would have asked him to stay on if he could. Assuming it wasn't a matter of physical disability, but assuming he was physically able and nevertheless said, 'I'm getting a little too old for it,' or something of that sort, 'and I don't want to stay on,' we would have asked him—I would have personally asked him, and speaking for the company, to stay on or get someone in the organization to get on the force and eventually fill or fulfill a similar position on the volunteer fire department.

We have others on the volunteer fire department in Kingman with the telephone operation, and also in Havasu. So it is necessary that some of our people be with the fire department."

When the General tells the Colonel, whether it be in terms of "My son, we

would sure appreciate it if you would keep some of the responsibilities you've handled so well in the past, while you take the new command, at least until we can find someone equally suited to take your place", or in terms of direct orders, "Colonel, in addition to your new duties, you will retain these other responsibilities until further orders", there can be little mistake as to the "voluntariness" of the duties. We have the same situation here.

Certainly neither The Industrial Commission of Arizona nor this Court can question the wisdom of a corporate decision of a utility company with facilities located in small towns without full time fire departments and all the expertise that go with such units, to require some of their own highly trained personnel to belong to such departments as part of their employment responsibilities. William Casson was killed while in the course of his employment with Citizens and as a result of injuries that arose out of that employment, and his widow and dependents should be compensated accordingly.

The award is set aside.

STEVENS and WREN, JJ., concur.