Argued November 29, reversed March 5, petition for reconsideration denied May 14, 1979.

LANE, *Respondent,*
*v.*
GLEAVES VOLKSWAGEN, *Petitoner.*
(No. 77-1184, CA11675)

591 P2d 368

Paul D. Clayton, Eugene, argued the cause for petitioner. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C., Eugene.

Joel B. Reeder, Medford, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Johnson,* Gillette and Roberts, Judges.

SCHWAB, C. J.

---

*Johnson, J., resigned December 18, 1978.

[5]

## SCHWAB, C. J.

Claimant, an auto mechanic, fell while climbing over a seven-foot-tall fence as he was leaving his employer's premises. The Workers' Compensation Board, reversing the referee's order, held that his resulting injuries arose out of and in the course of employment. ORS 656.005(8)(a). We reverse.

Claimant's regular work hours normally ended at 5 p.m. He stayed late one evening to attend a training program. When that program ended, claimant attempted to take his usual route to the employe parking lot. This involved going out the back door of the shop building and through a car storage lot. The car storage lot was enclosed by a chain-link fence approximately seven feet tall. The only egress from that lot is the door into the shop building and one gate. The gate was normally unlocked when claimant left work at 5 p.m., but claimant was leaving later than usual and he found the gate had been locked. Although there is some conflict in the evidence, we find that claimant could have then reentered the shop building, gone out a different door and taken a safe, albeit slightly more circuitous, route to the employe parking lot. Instead, claimant attempted to climb over the chain-link fence, fell and was injured.

In *Clark v. U.S. Plywood,* 38 Or App 381, 590 P2d 281 (1979), this court held that injury producing activity can be "so unreasonable as to compel a conclusion that it could not have been in the course of employment." One component of unreasonableness, we concluded, was whether the employer had forbidden the injury-producing conduct. 38 Or App at 385. In *Frosty v. SAIF,* 24 Or App 851, 547 P2d 634 (1976), without any reference to unreasonableness, we held an injury did not arise out of and in the course of employment when the employer had expressly prohibited the injury-producing conduct.

Whether the rule here applicable is to deny compensation for injuries that result from unreasonable

conduct, or to deny compensation for injuries that result from prohibited conduct, or an amalgam of those two doctrines, the result is the same. A seven-foot-tall fence and locked gate was a very graphic way of prohibiting claimant from taking the route he insisted on trying when leaving his employer's premises. Given that there was a safe alternative, claimant's decision to climb over the fence was unreasonable.

Reversed.