On respondent's petition for reconsideration filed March 28, 1979.
Former opinion filed March 5, 1979, 39 Or App 5, 591 P2d 368.
Petition for reconsideration denied May 14, 1979.

LANE, *Respondent,*

*v.*

GLEAVES VOLKSWAGEN, *Petitioner.*

(No. 77-1184, CA 11675)

594 P2d 1249

Joel B. Reeder, Medford, for petition.

SCHWAB, C. J.

## SCHWAB, C. J.

We previously held that claimant's injuries—incurred when he fell while attempting to climb a fence while leaving work—were not compensable. 39 Or App 5, 591 P2d 368 (1979). Part of the basis of that conclusion was our finding that when claimant, leaving work late, found himself in an enclosed and locked car storage lot he had a safer alternative to trying to climb the fence; specifically, reentering the shop building through the back door he had just come through and then using a different exit from the shop building.

Claimant's petition for reconsideration asserts: " * * * the Court of Appeals decision * * * erroneously assumes that the back door to the shop [building] was not locked, contrary to all the evidence * * *." The record does not support this assertion.

Only two witnesses testified about whether the back door was locked. Marvin Rose, one of claimant's supervisors, testified that the service manager normally locked the back door at a time earlier than the time the claimant left the evening of his injury. The employer's attorney then objected "unless on this particular evening he saw the process being done." Claimant's attorney then said: " * * * Maybe I should rephrase the question." He never did.

Claimant testified: " * * * just as soon as I went out somebody closed it," i.e., the back door of the shop building, " * * * and I knew the back door was locked * * *." The employer then introduced for impeachment a prior written statement claimant had made to an investigator in which claimant stated: " * * * There was no reason why I couldn't have walked back through the building and gone around the fence like [another employe] did."

Perhaps this record would support a finding either way on the question of whether the door was locked. But it is certainly an exaggeration to state, as does

claimant's petition for reconsideration, that "all the evidence" establishes the door was locked. Claimant apparently is willing to assume the burden of proving the back door was locked. We adhere to the conclusion that he did not meet that burden.

Even if we were persuaded the door was locked, it would not change our ultimate conclusion that this claim is not compensable. Claimant could have *attempted to* reenter the shop building by knocking on the door. Before an employe pursues a hazardous alternative, we think there should be at least some minimal duty to investigate safer alternatives.

Furthermore, there is no showing that claimant climbed the fence *because* the shop building door was locked or he thought it was locked. The referee in effect found that claimant was indifferent to whether the door was locked on the evening of his accident: " * * * He attempted to climb the fence rather than to try to get back into the building because he was anxious to have pizza and to get home." We agree with that assessment.

Petition for reconsideration denied.

**THORNTON, J.,** dissenting.

I agree with the majority of the Workers' Compensation Board that claimant's injury while taking a shortcut (albeit an unsafe one) in going to the employes' parking lot following an after-hours training meeting was nevertheless an injury arising out of and in the course of his employment within the meaning of ORS 656.005(8)(a).

Accordingly, I would allow the petition for reconsideration.