Argued and submitted October 30, 1981, reversed and remanded
with instructions March 8, reconsideration denied April 13,
petition for review denied May 4 (293 Or 103), claimant's
attorney awarded $3,020 attorney fee May 26 (57 Or App 513,
647 P2d 474), reconsideration denied July 29,
petition for review denied September 21, 1982 (293 Or 521)

In the Matter of the Compensation of
Walter Hubble, Claimant.

HUBBLE,
*Petitioner,*

*v.*

STATE ACCIDENT INSURANCE FUND
CORPORATION,
*Respondent.*

(No. 79-10883, CA A21021)

641 P2d 593

Rolf Olson, Salem, argued the cause for petitioner. With
him on the brief was Olson, Hittle, Gardner & Evans,
Salem.

Darrell Bewley, Associate Counsel for SAIF, Salem, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Warden and Warren, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Claimant appeals an order of the Workers' Compensation Board affirming the referee's determination that claimant's knee injury was non-compensable under ORS 656.005(8)(a).[1] We review *de novo*. ORS 656.298(6).

Claimant, a 53-year-old construction inspector employed by the University of Oregon Health Sciences Center, suffered a knee injury as he walked down a straight corridor at the dental school at the Center. The referee found that

> "* *:* as he stepped forward with his left foot to take his next step his left knee buckled somewhat and he was in sudden, severe pain. He had never injured his left knee prior to the date in question and did not slip, twist, change his direction or alter his course or pace prior to the occurrence of the incident."

The next day, claimant saw Dr. Gerow, who diagnosed his injury as an "internal derangement left knee." About two weeks later, Dr. Kaesche performed an arthroscopy and partial meniscectomy of the left medial meniscus. In a letter to claimant's attorney, he stated:

> "In my experience, individuals tear their cartilage in their knee when walking and twisting. There is a certain amount of twisting which occurs with normal walking, more so with going up or down stairs or certainly with walking on any wet or slippery surfaces."

The referee found that medical, but not legal, causation was established and denied recovery. He cited *Otto v. Moak Chevrolet,* 36 Or App 149, 583 P2d 594 (1978), *rev den* 285 Or 319 (1979), for the proposition that, for an injury to "arise out of" employment, it must be traceable to the nature of the work or to some risk of the work to which the employee is exposed. He presumably found that claimant's knee injury was traceable to neither one. We disagree.

Claimant's supervisor testified that claimant's job involved a "fair amount" of office work and a

---

[1] ORS 656.005(8)(a) defines "compensable injury," in part, as one "arising out of and in the course of employment." The referee found that claimant's injury did not arise out of his employment.

"* * * substantial amount of in-the-field inspection work
which requires him to spend five to six of every eight hours
in the field on the jobs climbing ladders * * *"

and standing or walking "either straight in a normal condition or walking over or climbing stairs." Claimant testified that at the time of the injury he was walking fast to get to a dental school project, because he had quite a number of jobs to cover that day.

Contrary to the Board's conclusion, the fact that his walking was not limited to his on-duty activities does not render his injury non-compensable.[2] Walking was part of claimant's job; hence the risk of injury from walking was a risk of that job. He has established a sufficient work relationship between his injury and his job to recover under the statute. *See Rogers v. SAIF,* 289 Or 633, 616 P2d 485 (1980). He need not show that his injury was precipitated by an activity that could be engaged in only during his work. *See, e.g., Youngren v. Weyerhaeuser,* 41 Or App 333, 597 P2d 1302, *rev den* 288 Or 81 (1979).

Reversed and remanded with instructions to allow the claim.

_____

[2] The Board supports this contention with citations to cases which construe ORS 656.802(1)(a). *See Thompson v. SAIF,* 51 Or App 395, 625 P2d 1348 (1981), *and Henry v. SAIF,* 39 Or App 795, 593 P2d 1251 (1979). However, because that statute defines when an employee has suffered an *occupational disease,* rather than an accidental injury, those citations are inappropriate.