806 P.2d 877

**James FARISH, Petitioner Employee,**

v.

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Pinal General Hospital, Respondent Employer,**

**The Orion Group, Respondent Carrier.**

No. 2 CA–IC 89–0063.

Court of Appeals of Arizona, Division 2, Department B.

June 7, 1990.

Reconsideration Denied July 27, 1990.

Review Denied March 19, 1991.

Miller, Pitt & McAnally by Armando Rivera, Tucson, for petitioner employee.

Anita R. Valainis, Chief Counsel, Indus. Com'n of Arizona, Phoenix, for respondent.

Long, Lester & Lundmark by Steven C. Lester and R. Todd Lundmark, Phoenix, for respondent employer and respondent carrier.

OPINION

LIVERMORE, Presiding Judge.

■ Petitioner James Farish worked as a custodian for respondent employer Pinal General Hospital. On January 23, 1989, his left knee gave way for no apparent reason while he was pushing a mop bucket down a hallway. He saw Dr. Eugene Chandler who diagnosed a torn medial meniscus and eventually performed surgery. Farish's claim for workers' compensation benefits was denied and a hearing was held. The parties stipulated that Dr. Chandler would testify that Farish suffered a spontaneous tear of his medial meniscus while walking at work. The parties also agreed that Dr. Chandler would testify that it is common for individuals to suffer tears of the menisci while walking on level ground. Although there was evidence that at the time of injury Farish was overweight and had degenerative arthritis in the injured knee, there was no evidence that either of these conditions caused or contributed to the meniscus tear. In his decision of August 30, 1989, the administrative law judge found that Farish's claim did not arise out of his employment and was therefore noncompensable.

■ For an injury to be compensable it must arise out of and in the course of employment. A.R.S. § 23–1021. "Arising out of" refers to the origin or cause of the injury, whereas "in the course of" refers to the time, place, and circumstances under which the injury occurred. *Peter Kiewit Sons' Co. v. Industrial Commission*, 88 Ariz. 164, 354 P.2d 28 (1960). There is no question but that Farish was acting in the course of his employment when the injury occurred. The only issue before us is whether the injury arose out of his employment. An injury arises out of employment if it is established that the injury resulted from some risk of the employment or was incidental to the discharge of the duties of

the employment. *Royall v. Industrial Commission*, 106 Ariz. 346, 476 P.2d 156 (1970). An injury does not arise out of employment if it results from a risk which is inherent in the physical condition of the employee. *Sacks v. Industrial Commission*, 13 Ariz.App. 83, 474 P.2d 442 (1970); A. Larson, *Workmen's Compensation Law* § 7.20 (1989).

In the case before us, the exact cause of injury is unknown. We know that menisci tears commonly occur while walking on flat terrain and that Farish was walking on flat terrain when the injury occurred. There is no evidence, however, that walking caused the injury. We know Farish was overweight and had a pre-existing degenerative problem in the injured knee, but there is no evidence that either of these conditions caused or contributed to the injury. Who, then, should bear the burden of loss when the actual cause of injury is unknown? The answer lies in the very purpose of the workers' compensation system: to shift the burden of work-related accidents from the individual employee to society as a whole. *Ohlmaier v. Industrial Commission*, 161 Ariz. 113, 776 P.2d 791 (1989). It would be inconsistent with that purpose to place the burden of loss on the individual employee when, as here, the cause of an injury sustained during the course of employment is unknown and there is no evidence of a cause other than the employment.

■ We believe the better rule is that when an employee is injured during the course and scope of his or her employment and the cause of the injury is unknown—neither distinctly employment nor distinctly personal—it is presumed to arise out of the employment and the burden is on the employer to prove a cause independent of the employment. Supporting this presumption is the above stated purpose of workers' compensation and the long standing rule in Arizona that the Workers' Compensation Act be liberally construed in favor of the worker. *Pascucci v. Industrial Commission*, 126 Ariz. 442, 616 P.2d 902 (App. 1980).

To avoid this result, respondents raise two arguments. First, they argue that the risk which resulted in Farish's injury was a risk personal to him and unassociated with his employment, citing *Sacks v. Industrial Commission, supra.* In *Sacks* the claimant herniated several discs as she arose from the toilet at her place of employment. The court denied compensation, holding that the risk of injury was personal to the employee and not in any way peculiar to or increased by the employment. *Sacks* is distinguishable from the case at bar in two respects. First, the claimant in *Sacks* had a pre-existing low back instability that was found to have been aggravated by the act of arising from the toilet. Here there is a complete absence of evidence that Farish's pre-existing degenerative condition or his excessive weight in any way caused or contributed to the meniscus tear. Second, in *Sacks* the injury occurred at a time when the claimant was not acting in the direct performance of her work, whereas Farish was injured while he was performing his job, walking down a hallway pushing a mop bucket to return it to its place of storage.

■ Respondents also argue, and the administrative law judge so found, that "the risk of meniscal tear while walking down a hall is not a risk in any way peculiar to or increased by applicant's employment." We are unconvinced that Arizona law requires that the risk of injury be peculiar to or increased by the employment. In fact, our supreme court specifically disapproved of such a rule in *Goodyear Aircraft Corp. v. Industrial Commission*, 62 Ariz. 398, 408–09, 158 P.2d 511, 516 (1945), where it held:

It seems evident that when an accident to an employee in the course of his employment is caused in whole or in part, or is contributed to by a necessary risk or danger of such employment, or a necessary risk or danger inherent in the nature thereof, this would be one *arising out* of the employment. The test to be applied in accidents mentioned in the constitutional mandate to determine whether they arise out of the employment is, were they caused in whole or in part, or contributed to by a *necessary* risk or danger of the employment, or inherent in its nature. The standard is not, did the

employment increase the danger, or that by reason of the employment the workman is more exposed to injury than are others not so engaged. The standard in this case would be, was the risk or danger necessary or inherent in the employment.

(Emphasis in original.) Under *Goodyear*, it is enough that walking was a necessary part of Farish's job, and that Farish was walking in the performance of his job when injury occurred. Although we disagree that an increased risk analysis is required, the facts of this case survive such an analysis. Given that menisci tears commonly occur while walking and walking was a necessary activity of his employment, then walking during the performance of his employment over a period of eight hours increased the risk of injury.

On almost identical facts, the Oregon Court of Appeals found that a medial meniscus tear which occurred while walking during the course and scope of employment arose out of that employment. Specifically, in *Folkenberg v. SAIF*, 69 Or.App. 159, 165, 684 P.2d 618, 621–22 (1984), the court held:

> The focus of our inquiry is on "arising out of employment." To satisfy that part of the test, the employee must show a causal link between the occurrence of the injury and a risk connected with the employment. *Phil A. Livesley Co. v. Russ, supra,* 296 Or. [25] at 29, 672 P.2d 337 [(1983)]. At the time of the injury claimant was walking across the shop floor. The issue, therefore, is narrowed to whether that walking provides the necessary causal link. We conclude that it does.

> We note, as did the referee, that this case is factually similar to *Hubble v. SAIF, supra,* [56 Or.App. 154, 641 P.2d 593 (1982)] where the claimant suffered a torn medial meniscus while walking down a corridor. SAIF argues that *Hubble* is distinguishable on the basis that there the claimant's job required a significant amount of walking and that occasional walking cannot be considered a risk of employment. We disagree. Our holding in *Hubble* did not turn on the

fact that the claimant's job required considerable walking, and we do not find the quantum of requisite walking to be the determining factor here. Where a specific work activity, whether isolated or repetitive, is a part of a claimant's job, the risk of injury from that activity is a risk of that job. Here, the evidence showed that walking was a part of claimant's job. The risk of injury from that walking was a risk of the job. Claimant has met his burden of proving that his claim is compensable.

See also *Hubble v. SAIF,* 56 Or.App. 154, 641 P.2d 593 (1982).

For the reasons set forth above, the award of the administrative law judge is set aside.

FERNANDEZ, C.J., and LACAGNINA, J., concur.