806 P.2d 880

**Karen NOWLIN, Petitioner,**

**v.**

**The INDUSTRIAL COMMISSION OF ARIZONA, Respondent,**

**Personnel Pool, Respondent Employer,**

**Scott Wetzel Services, Respondent Carrier.**

**No. 1 CA–IC 89–114.**

Court of Appeals of Arizona, Division 1, Department B.

Sept. 18, 1990.

Review Denied March 19, 1991.

Lawrence P. Nicholls, Phoenix, for petitioner.

Anita R. Valainis, Chief Counsel, The Industrial Com'n of Arizona, Phoenix, for respondent.

Doherty, Alex & Tadano by Andrew R. Alex, Phoenix, for respondents Employer and Carrier.

## OPINION

JACOBSON, Judge.

This special action review of an Industrial Commission award requires an analysis of the risks associated with the employment necessary to satisfy the "arising out of employment" requirement of A.R.S. § 23–1021.

### Procedural History

Petitioner employee (claimant) worked for respondent employer (Personnel Pool), a temporary employment agency. In December 1988, Personnel Pool placed claimant as a temporary receptionist for a business client. On December 29, 1988, claimant's third or fourth day on the job, she took a regular afternoon break and then returned to her desk to resume work. She proceeded to sit in her desk chair, but felt her back snap approximately three-quarters of the way to a fully seated position. The next day, claimant saw a chiropractor, who diagnosed a lumbar strain. An independent medical examination subsequently confirmed that claimant had suffered a lower back strain. She had no history of back problems before this injury.

The respondent carrier denied compensability, and claimant requested a hearing. One hearing for lay witnesses was held, after which the parties stipulated that any additional testimony was unnecessary.

The administrative law judge issued an award denying compensability. Although he found that the incident occurred as claimant had alleged and that claimant had suffered a lower back strain, he concluded that this injury did not "arise out of" claimant's employment. Specifically, the judge found:

Applicant testified that she performed no unusual activities on the day in question and her back did not bother her prior to

the incident in question. Additionally, the evidence fails to establish that applicant's chair or any of the surrounding equipment either caused or contributed to the event in question. Accordingly, it is the finding of the undersigned that applicant's action in this instance (i.e. sitting down to commence work) does not meet the "arising-out-of" test of compensability. *See, Sacks v. Industrial Commission*, 13 Ariz.App. 83, 474 P.2d 442 (1970). Accordingly, it is the finding of the undersigned that applicant has failed to sustain all of the material elements of her claim and is not entitled to benefits.

After affirmance on administrative review, claimant filed this petition for special action.

### Discussion

Inherent in the administrative law judge's decision is the legal conclusion that something in the employment must have contributed to claimant's injury and if the injury would have occurred in the normal course of living (e.g., sitting down) no industrial responsibility exists. It is this legal conclusion that focuses our consideration.

■ The applicable statute requires the concurrence of three elements in order for an injury to be an industrial responsibility (compensable). The injury must occur "[1] by accident [2] arising out of and [3] in the course of ... employment." A.R.S. § 23–1021. Generally, the "course of employment" element refers to the time, place, and circumstances surrounding the injury and the "arises out of employment" element refers to the causal connection between the injury and the employment. *Royall v. Industrial Comm'n*, 106 Ariz. 346, 349, 476 P.2d 156, 159 (1970). While each of these three elements must be independently satisfied, they are also interrelated and must be considered as a whole in order to determine "whether the necessary degree or quantum of 'work-connection' is established to bring the claimant under the

coverage of the Act...." *Id.* at 350, 476 P.2d at 160.

■ At issue in this case is the "arising out of employment" element. In particular, this case raises the question whether an injury resulting from an everyday activity, routinely occurring on and off the job, "arises out of employment" if the injury happens to occur while the claimant is working. In order to answer this question, we must analyze the risks associated with compensable injuries.

In evaluating the risk, it is important to appreciate the legal theories that have been applied to the "arising out of employment" element. Larson categorizes these risks as (1) the peculiar risk doctrine, that is, the source of the injury must be in its nature particular to the employment; (2) the increased risk doctrine, that is, the employment causes an increased exposure to a risk which is qualitatively not peculiar to the employment; (3) the actual risk doctrine, that is, it is immaterial if the risk is common to the public, if it is in fact a risk of *this* employment; and (4) the positional risk doctrine, that is, the injury is compensable if it would not have occurred but for the fact the employment placed the employee in a position where he or she was injured. 1 A. Larson, *Workmen's Compensation Law* §§ 6.20–.50 (1990).

As can be seen, the necessity that work be a contributing factor decreases across the spectrum from the peculiar risk (the risk is particular to that employment) to the positional risk (mere presence on the job is sufficient). Requiring that the risk of injury be particular to the employment (the peculiar risk doctrine) has now been universally rejected. *See id.*, § 6.20. The question has become whether the court should apply an increased risk analysis or an actual risk analysis to particular categories of risks.

In our opinion, this requires an assessment of what Larson refers to as the categories of risk. Larson postulates that in the employment setting an employee may be subjected to several categories of risk.

We need only discuss three:[1] (1) risks distinctly associated with the employment (e.g., the fingers caught in the machinery risk); (2) risks personal to the claimant (e.g., personal enemy kills the worker on the job); and (3) mixed risks (e.g., personal causes and work combine to produce the harm).[2] *Id.,* § 7.00–.40.

No one seriously argues that industry should be responsible for the enemy who kills for no reason other than one personal to the worker. Likewise, no one questions the compensability of machine-crushed fingers. In these two illustrations, whether the court adopts an increased risk analysis or an actual risk analysis is irrelevant; the result is clear.

However, as the origin of the risk moves away from a work relationship towards a personal origin, the court should apply a theory of "arising out of employment" that retains some work connection. Conversely, if the origin of the risk is solely from the work, it makes little sense to add to the equation the requirement that the work "increase" the risk over that to which the general public is subjected. Larson takes this view:

> As to situations not involving any personal-risk element whatever, we have seen that the better rule goes beyond the old rule demanding increased or peculiar risk contributed by the employment, and accepts actual risk—even positional risk. The reason is that there is no competing personal risk to overcome. Any employment contribution, even merely putting the employee in the place where the injury from a neutral force occurred, is enough, because it is greater than the zero employee contribution.
>
> But when the employee contributes some personal element of risk—e.g., by having a personal enemy or a personal

disease—we have ... seen that the employment must contribute something substantial to increase the risk. The reason is that it must offset the causal contribution of the personal risk.

1B A. Larson, *supra* § 38.83(b) (1985) (footnotes omitted).

Respondents argue that Arizona has clearly adopted the increased risk doctrine, citing *McCampbell v. Benevolent & Protective Order of Elks,* 71 Ariz. 244, 226 P.2d 147 (1950), and *Sacks v. Industrial Commission,* 13 Ariz.App. 83, 474 P.2d 442 (1970). *McCampbell,* in its final analysis, turned upon a determination that the injured claimant had not yet entered his employment because the fall occurred on the outside steps of the employer's premises while he was going to work. This view of the "coming and going" rule was overruled in *Pauley v. Industrial Commission,* 109 Ariz. 298, 301, 508 P.2d 1160, 1163 (1973). However, *McCampbell,* while holding that the "arising out of employment" element requires that the cause producing the accident must flow from a source within the employment, recognized:

> If an employee is injured by accident while engaged in the performance of some duty for an employer reasonably contemplated in the employment, *regardless of the cause of the accident,* it must be considered as an accident during the course of and arising out of such employment due to a risk inherent in the employment or incidental thereto.

71 Ariz. at 251, 226 P.2d at 151 (emphasis added).

*Sacks,* on the other hand, clearly adopted the increased risk doctrine. In *Sacks,* the claimant, who suffered from a preexisting degenerative disc disease, herniated a disc

---

**1.** Larson lists four categories. The one not discussed here is the "neutral risk," e.g., the stray bullet cases. The Arizona Supreme Court has recently held that the positional risk doctrine applies to a neutral injury, "one neither distinctly personal to claimant nor associated with the employment," for example, an unexplained fall. *Circle K Store # 1131 v. Industrial Comm'n,* 165 Ariz. 91, 95, 796 P.2d 893, 897 (1990). Thus, the increased risk doctrine is no longer applied in

Arizona to this category. *Id.,* 165 Ariz. at 93 n. 1, 796 P.2d at 895 n. 1.

**2.** Several Arizona cases have recognized these distinctions. *See, e.g., Royall,* 106 Ariz. at 350, 476 P.2d at 160 (distinguishing work-related, personal, and neutral risks); *Estate of Sims v. Industrial Comm'n,* 138 Ariz. 112, 115, 673 P.2d 310, 313 (App.1983) (positional risks compensable only if neutral origin of risk).

while arising from a toilet seat during a work break period. 13 Ariz.App. at 84, 474 P.2d at 443. Thus, in *Sacks*, the relationship of "course of employment" to actual work activity was weak, being based solely on the personal comfort doctrine. It was this lack of a quantum of work connection which led to the imposition of an increased risk analysis. In fact, Larson specifically distinguishes *Sacks* on this basis:

> [T]he simultaneous weakness of cause and arising factors may reach the point where the requisite quantum is not found. . . .

> Another good example of this principle in action is the Arizona case of *Sacks v. Industrial Commission.* Claimant had a pre-existing back condition, and while using the toilet at work aggravated the condition, and suffered a herniated disc. The injury was held to have occurred in the course of claimant's employment, pursuant to the personal comfort doctrine, but the court denied compensation on grounds that the injury did not arise out of the employment. Note that the employment component was weak on both the "course" and "arising" side. As to "course," the employee was engaged in a personal comfort activity; as to "arising," the real cause of injury was progressive deterioration of a personal weakness, with no real exertion or mishap related to the employment. Claimant was sufficiently within the course of employment so that, given some significant element of employment causal connection, an award could stand. Similarly, if the claimant had been actively engaged in her employment duties, perhaps even this exertion might have sustained an award. . . . But since both "course" and "arising" elements were minimal [in *Sacks*], an award could not be justified.

1A A. Larson, *supra* § 29.10 (1990) (footnotes omitted).[3] Division Two of this court has also recently distinguished *Sacks* on the basis that the claimant in *Sacks* had a preexisting low back instability and was not acting in the direct performance of her work when the injury occurred. *Farish v. Industrial Comm'n*, 167 Ariz. 288, 290, 806 P.2d 877, 879 (App.1990). In *Farish*, the court reasoned:

> We are unconvinced that Arizona law requires that the risk of injury be peculiar to or increased by the employment. . . . Under *Goodyear*, it is enough that walking was a necessary part of Farish's job, and that Farish was walking in the performance of his job when injury occurred.

*Id.* at 290, 806 P.2d at 879, citing *Goodyear Aircraft Corp. v. Industrial Comm'n*, 62 Ariz. 398, 408–09, 158 P.2d 511, 516 (1945) ("The test to be applied in accidents mentioned in the constitutional mandate to determine whether they arise out of the employment is, were they caused in whole or in part, or contributed to by a *necessary* risk or danger of the employment, or inherent in its nature.")

We do not need to address additional cases cited by claimant which she contends have adopted the actual risk doctrine in Arizona, as we do not view this issue as an all or nothing proposition requiring an adoption of one doctrine over the other. Rather, whether the law requires a factoring in of an increased risk that the employment may contribute to an injury depends on the strength that both the origin of the injury and the course of employment bear to the work relationship. In this regard, we are persuaded by Larson's analysis of this issue.

We hold that actual risk satisfies the "arising out of employment" requirement when activity necessary to perform the em-

---

**3.** Respondents also rely upon *Valerio v. Industrial Commission*, 85 Ariz. 189, 334 P.2d 768 (1959), involving an idiopathic fall to a level floor, although this case is in fact prototypical of Larson's analysis. *See* 1 A. Larson, *supra* §§ 12.11, –.14; 1B A. Larson, *supra* § 38.83(b). Additionally, several other cases cited by respondents involve a failure to prove medical causation. *See Jones v. Industrial Comm'n*, 9 Ariz.App. 543, 454 P.2d 591 (1969); *Reynolds Metals Co. v. Industrial Comm'n*, 7 Ariz.App. 379, 439 P.2d 542 (1968); *Thiel v. Industrial Comm'n*, 1 Ariz.App. 445, 404 P.2d 711 (1965). Such cases do not address the distinct question of legal causation: whether the injury arises out of the employment. *See generally* 1B A. Larson, *supra* § 38.83(a).

ployer's work is the sole cause of the injury. In this case, claimant had to sit to perform her work, and no medical evidence was presented to establish that any other cause contributed to her injury. Because these facts satisfy the actual risk standard, compensability was erroneously denied. Accordingly, we set aside the award.

McGREGOR, P.J., and SHELLEY, J., concur.