Argued September 14, reversed and remanded November 5, 1971

BIBBY, *Appellant, v.* HILLSTROM, *Respondent.*

490 P2d 161

*Raymond J. Conboy,* Portland, argued the cause for appellant. With him on the brief were Pozzi, Wilson & Atchison, and Brian L. Welch, Portland.

*Cameron C. Thom,* Coos Bay, argued the cause for

respondent. With him on the brief were McInturff, Thom, Collver & Rossi, Coos Bay.

Before O'CONNELL, Chief Justice, and McALLISTER, HOLMAN, TONGUE, HOWELL, and BRYSON, Justices.

HOLMAN, J.

This is an action for damages for injuries allegedly resulting from an assault and battery. Plaintiff appeals from a judgment entered on a jury verdict for defendant.

Plaintiff and her husband were employed by defendant to manage an apartment house. An altercation between plaintiff and defendant concerning the affairs of the apartment house resulted in physical conflict. The extent of such conflict is in dispute.

Plaintiff was awarded workmen's compensation benefits for her claimed injuries. Defendant pleaded as an affirmative defense to the present action that plaintiff was entitled to receive such benefits and that she had filed a claim with the State Accident Insurance Fund, which had accepted the claim and paid all medical expenses incurred as well as $669.94 in compensation. In addition, defendant pleaded that plaintiff's sole remedy was the receipt of the benefits to which she was entitled under the Workmen's Compensation Act.

Plaintiff filed both a motion to strike and a demurrer to this affirmative defense. The trial court ruled as follows:

"That the Defendant is entitled to plead the coverage of the Workmen's Compensation Act as part of its defense to Plaintiff's cause, but that the Defendant may not plead as set off payments received by the Plaintiff from SAIF * * *."

In conformance with such ruling, defendant filed an amended affirmative defense identical to the one against which the motion and demurrer had been filed, except that the allegations concerning the payment of the medical expenses and compensation were deleted. The allegations remained which concerned plaintiff's filing of the claim, its acceptance by SAIF, and her sole remedy being the receipt of the benefits under the Act.

In its preliminary statement to the jury at the commencement of the trial, the court told the jurors of defendant's defense of plaintiff's coverage under the Act and then, during the trial, permitted defendant to cross-examine plaintiff minutely concerning her application for benefits under the Act and their allowance by the Fund. All of this was done over plaintiff's objection.

The sole question on appeal is the propriety of allowing defendant to bring before the jury plaintiff's claim for workmen's compensation. Plaintiff contends the jury's decision concerning defendant's liability was unnecessarily prejudiced by the use of such procedure and the trial court erred thereby. A resolution of this question requires an interpretation of ORS 656.156 (2) and a determination of the proper procedure to be followed in carrying out its provisions. The statute provides:

> "(2) If injury or death results to a workman from the deliberate intention of his employer to produce such injury or death, the workman, the widow, widower, child or dependent of the workman may take under ORS 656.001 to 656.794, and also have cause for action against the employer, as if such statutes had not been passed, *for damages over the amount payable under those statutes.*" (Emphasis added.)

The statute reduces the employer's responsibility for his intentional tort by the amount of the benefits paid to the workman under the Act. Hence, it is necessary to determine whether the workman is entitled to recover and, if he is, to determine the total amount of his damages, and then to deduct from them the benefits he receives under the Act.

No procedure for securing the offset is established by the Act. The only case which demonstrates how the matter has been handled previously is *Weis v. Allen*, 147 Or 670, 35 P2d 478 (1934). In that case, when the defendant set out in his answer the benefits paid plaintiff under the Act, the plaintiff admitted their receipt in his reply and reduced his prayer accordingly. Since no issue was made of the procedure used, we do not consider this case as disposing of the present problem.

We believe it was highly prejudicial to plaintiff's successful prosecution of her action that the jury was informed that plaintiff was being compensated, in any event, to some undefined extent from an impersonal and almost unlimited "fund," where no individual would feel the pain of payment. Jurors have humane instincts and ordinarily do not like to penalize persons for their acts, even their intentional ones, when the party injured by such acts has another means of being reimbursed which will not immediately cost any individual anything.

When it is necessary to allow such offsets, the required results can be reached without chance of prejudice to anyone by the use of supplemental pleadings after a trial by the jury of the issues of defendant's liability and the extent, if any, of plaintiff's total damages. Seldom will there be any dispute concern-

ing the extent of the benefits plaintiff has received from the Fund because such benefits are, in most instances, paid in money. In a situation where plaintiff's claim for compensation has not been finally disposed of at the time of trial, the matter of the ultimate judgment must necessarily be held in abeyance for subsequent determination by the court since it could not be determined by the jury.

It is helpful to note that the Act does protect covered workmen from prejudicial disclosure of SAIF payments when they bring actions for damages in similar circumstances. ORS 656.595 (2) provides that, in any third party action by a covered workman, the fact that the workman is entitled to or has received benefits shall not be pleaded or deemed admissible in evidence. Admittedly, there is no offset in such a proceeding. However, any challenge of the right to bring such an action because of the workmen's compensation coverage of the defendant is required to be made by supplemental pleadings and determined by the court.

*Strandholm v. General Const. Co.,* 235 Or 145, 382 P2d 843 (1963) was an action by a workman against a third party. The workman and his employer were covered by the Longshoremen's and Harbor Workers' Compensation Act. This court affirmed the trial court in granting a new trial after a defense verdict, where the fact that plaintiff was entitled to benefits was intentionally disclosed to the jury by defendant. Although there was no issue of any offset, there is no reason to believe that the disclosure in that case was any more prejudicial to the plaintiff in the determination of the defendant's liability than the similar disclosure was to the plaintiff in this case.

It is our opinion that any claim of offset for money paid to plaintiff under the benefits of the Act must be determined by the trial court with the use of supplemental pleadings and proceedings, the exact character of which must be tailored by the trial judge to the circumstances involved.

The judgment is reversed and the case is remanded for further proceedings and for a new trial in conformance with this opinion.