Argued October 20, 1978, affirmed May 7, 1979

FARMERS INSURANCE COMPANY
OF OREGON, *Appellant,*
*v.*
OWNBY et al, *Respondents.*
(No. 76-776-E-1, CA 11045)

and

FARMERS INSURANCE COMPANY
OF OREGON, *Appellant,*
*v.*
OWNBY, et al, *Respondents.*
(No. 76-777-E-3, CA 11046)
594 P2d 834

[15]

Thomas D. Melum, Medford, argued the cause for appellant. With him on the brief was Frohnmayer, Deatherage, Foster & Purdy, Medford.

Robert H. Grant, Medford, argued the cause for respondents Ownby. With him on the brief was Grant, Ferguson & Carter, Medford.

Hugh B. Collins, Medford, argued the cause for respondent Argonaut Insurance Company. With him on the brief was Collins, Velure & Heysell, Medford.

Before Schwab, Chief Judge, and Thornton, Tanzer and Buttler, Judges.

TANZER, J.

**TANZER, J.**

In November of 1974, Robert Ownby, the driver of a car, and his passenger, Griffin Ownby, were injured in a single-car accident in California. Each received personal injury protection payments from Farmers Insurance Company (Farmers), Robert Ownby's insurer. In February of 1975, the Ownbys became aware of their right to workmen's compensation benefits for lost wages and filed claims in California. While the Ownbys' claims were pending, Farmers attempted to file a lien in those proceedings on any award to be granted. The California workmen's compensation judge denied the lien pursuant to a California statute prohibiting the imposition of liens of this nature and found in favor of the Ownbys on the merits. Argonaut Insurance Company (Argonaut), the workmen's compensation carrier, paid the award. Upon learning of the award, Farmers sued each of the Ownbys and Argonaut in equity for reimbursement. Argonaut obtained a judgment on demurrer without leave to amend, and the Ownbys obtained a dismissal of each complaint with prejudice. Farmers appeals all the judgments against it.

■ We deal first with Farmers' claim against Argonaut. Farmers asserts that it is entitled to reimbursement from Argonaut by virtue of the equitable doctrine that one who pays money to the use or benefit of another is entitled to reimbursement. Farmers argues that the personal injury protection payments in its policy, although paid to the Ownbys, were for the benefit of Argonaut because the payments covered the same loss that Argonaut later was ordered to pay. Argonaut was not benefited by Farmers' earlier payment, however, because Argonaut's duty to pay was independent of Farmers' duty. Argonaut was not relieved of its obligation to pay. Argonaut holds nothing of Farmers. The demurrers were properly sustained as to Argonaut.

■ As to the Ownbys, the issues are more complicated. Farmers contends that the court should impress the

[17]

workmen's compensation award with a trust, either express or implied, on three separate but overlapping grounds: (1) public policy against double recovery, (2) the terms of Farmers' policy, and (3) common law principles of restitution.[1]

Farmers contends that a public policy against double recovery is implied in the case law and the statutes. The Supreme Court, however, has rejected the contention that double recovery from collateral sources is per se in derogation of public policy. *See, Peterson v. State Farm Ins.Co.,* 238 Or 106, 393 P2d 651 (1964). Farmers also relies on ORS 743.810(1). That statute is intended to regulate the order of immediate payment among insurers with overlapping coverage. In its 1974 form, it provided:

"The [hospital, medical, disability and funeral] benefits required by ORS 743.800 with respect to:

"(1) The insured, members of his family residing in the same household and guest passengers injured while occupying the insured motor vehicle shall be primary, but such benefits except for guest passengers may be reduced or eliminated if they are similarly provided under another motor vehicle liability policy that covers the injured person, or if the injured person is entitled to receive under the laws of this state or any other state or of the United States, workmen's compensation benefits or any other similar medical or disability benefits."

This section requires Farmers in this situation to provide primary coverage unless, among other situations, the injured person is entitled to workers' compensation benefits. Farmers could have "reduced or eliminated" payments because the Ownbys were entitled to workers' compensation benefits. Not having done so, the statute may support an action by Farmers against the Ownbys for damages, but it has no application to benefits already paid and provides no basis for the imposition of a trust. To enlarge the

---

[1] There is no allegation of the existence of a fund subject to an equitable remedy, but the case has not been litigated on that issue.

[18]

application of a specific statute in the name of public policy would be to amend it. We will not infer a general public policy broader than the statute which would trigger an equitable trust in a case such as this.

Another statute in effect at the time of the accident provided for the imposition of a trust in certain cases of double payment and it relates to Farmers' next argument. Farmers' contention that the award should be impressed with an express trust is premised on a provision in its policy which entitled Farmers to succeed to the injured party's claim against "any person or organization legally responsible for the bodily injury."[2] That phrase is arguably ambiguous in that it might be construed to apply to an employer who is not responsible for causing the injury but is responsible for compensating its worker for the injury. We

---

[2]    "5. **Trust Agreement.** In the event of payment to any person:

"(a) the Company shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of such person against any person or organization legally responsible for the bodily injury because of which such payment is made;

"(b) such person shall hold in trust for the benefit of the Company all rights of recovery which he shall have against such other person or organization because of the damages which are the subject of claim made under the coverage;

"(c) such person shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

"(d) if requested in writing by the Company, such injured person shall take, through any representative not in conflict in interest with such person, designated by the Company, such action as may be necessary or appropriate to recover such payment as damages from such other person or organization, such action to be taken in the name of such person, but only to the extent of the payment made by the Company. In the event of a recovery, the Company shall be reimbursed out of such recovery for expenses, costs and attorneys' fees incurred by it in connection therewith;

"(e) such person shall execute and deliver to the Company such instruments and papers as may be appropriate to secure the rights and obligations of such person and the Company established by this provision;

"(f) any payment made under this coverage to or for any injured person shall be applied in reduction of the amount of damages which he may be entitled to recover from the Company for the same accident under either bodily injury or uninsured motorist coverage of the policy to which this endorsement is attached."

[19]

construe the provision of the policy in light of the statute in effect at the time of the accident because the policy and ORS 743.830 in its 1974 form are almost exactly the same, paragraph for paragraph. The statute allowed the insurer to succeed to claims only against a "motorist legally responsible for the bodily injury."[3] Because neither Argonaut nor its insured was a motorist, the statute would not be the basis for a trust. Policy provisions which conflict with the statute and which impose a lesser obligation on the insurer than that required by statute are unenforceable. *Peterson v. State Farm Ins. Co.,* 238 Or at 111. The policy phrase "any person or organization" describes an exception to coverage which is greater than the statutory phrase "any motorist." Because the statute would not allow Farmers to succeed to the Ownbys' claim against Argonaut, Farmers' theory of express trust arising from the policy based upon that statute fails.

■  Farmers' restitution argument claims entitlement to the award for the reasons rejected above and for the additional reason that payment was made by mistake. "Restitution is not necessarily allowed for every payment of money by mistake, and payments induced by mistake of law are not recoverable." *First Nat'l Bank v. Noble et al.,* 179 Or 26, 57, 168 P2d 354, 169 ALR 1426 (1946); Restatement, Restitution § 45. In this case it was stipulated at trial that the Ownbys "did not contemplate filing a workmen's compensation claim nor were they aware of their entitlement to workmen's compensation benefits" when they received payment

---

[3] ORS 743.830 provided in pertinent part:

"If an insurer has paid benefits required by ORS 743.800 or a health insurer or health care service contractor has furnished benefits to a claimant injured by a person who is not covered by a motor vehicle liability policy issued by an insurer authorized to issue such policies in this state:

"(1) The insurer or contractor shall be entitled to the extent of such payment to the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of the claimant against any *motorist* legally responsible for the bodily injury because of which such payment is made." (Emphasis supplied.)

from Farmers. Both parties were mistaken regarding the Ownbys' entitlement to workmen's compensation benefits. No new facts were subsequently learned. Only the interpretation of the facts changed. The question of the Ownbys' entitlement to workmen's compensation benefits was a legal issue, not an issue of fact. Hence, Farmers is not entitled to restitution on equitable grounds.

Affirmed.