Argued March 29, reversed and remanded June 25, 1979

SUMNER, *Appellant,*
*v.*
COE, *Respondent.*
(No. A7708 11794, CA 11689)

596 P2d 617

Dennis H. Elliott, Portland, argued the cause for appellant. With him on the briefs were O'Connell, Goyak, Hagen, Elliott & Krage, P.C., Portland.

James M. Callahan, Portland, argued the cause for respondent. With him on the brief were Gearin, Landis & Aebi and David C. Landis, Portland.

Before Schwab, Chief Judge, and Thornton, Gillette, and Campbell, Judges.

GILLETTE, J.

## GILLETTE, J.

In this personal injury action for damages caused when plaintiff fell from the hood of defendant's car (upon which plaintiff had been riding), plaintiff appeals the trial court's granting of summary judgment for defendant. We reverse.

We draw our statement of the facts from plaintiff's brief:

Both plaintiff and defendant worked at the Fred Meyer, Inc., Rose City store. On June 18, 1976, both plaintiff and defendant had gone off work at approximately 11 p.m.

When defendant left the store he went to pick up his car, which was parked on a public street close to the grocery store. It was not parked in the Fred Meyer parking lot where plaintiff was injured.

Defendant got in his car and drove back to the front of Fred Meyer's to see if a friend needed a ride home. The friend worked the same shift as plaintiff and defendant.

Upon learning that the friend did not need a ride home, defendant offered plaintiff a ride to plaintiff's car, which was parked on the other side of the store parking lot. The parking lot was part of the Fred Meyer premises. Defendant told plaintiff to "hop on" the hood of defendant's car, which plaintiff did.

According to plaintiff, defendant then began swerving and speeding across the parking lot in an attempt to scare plaintiff. Plaintiff was thrown from the car and suffered serious injuries to his leg and ankle. Defendant denies he swerved or drove in a reckless or negligent manner.

Plaintiff's complaint alleging essentially the above facts was filed in August of 1977. Defendant denied the allegations of the complaint and affirmatively alleged that plaintiff was also negligent. Defendant

[817]

additionally alleged that, since plaintiff recovered workers' compensation payments from his employer, Fred Meyer, Inc., plaintiff was thereby precluded from recovering anything from defendant. Defendant's argument on this issue was based on his allegation that both he and plaintiff were employees of Fred Meyer, Inc., at the time of the accident. Plaintiff denied that his workers' compensation recovery was his exclusive remedy. Plaintiff then moved for partial summary judgment that workers' compensation was not his exclusive remedy. Defendant moved for a full summary judgment on the basis that workers' compensation was the exclusive remedy. The trial court denied plaintiff's motion and granted defendant's, stating,

> "The court finds as a matter of law that plaintiff, having received workers' compensation benefits for his injuries, is precluded by ORS 656.018 from maintaining this negligence action against defendant, a co-employee, since[,] at the time of the accident, plaintiff and defendant were engaged in the furtherance of a common enterprise for the accomplishment of the same, or related, objectives."

■ Plaintiff makes two assignments of error, which we treat as one for the purpose of this discussion. Both involve the application of ORS 656.018 which provides, in pertinent part:

> "(1)(a) The liability of every employer who satisfies the duty required by subsection (1) of ORS 656.017 is exclusive and in place of all other liability arising out of compensable injuries to his subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such injuries or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such injuries, except as specifically provided otherwise in ORS 656.001 to 656.794.
>
> "* * * * *
>
> "(2) The rights given to a subject worker and his beneficiaries for compensable injuries under ORS

656.001 to 656.794 are in lieu of any remedies they might otherwise have for such injuries against the worker's employer under ORS 654.305 to 654.335 or other laws, common law or statute, except to the extent the worker is expressly given the right under ORS 656.001 to 656.794 to bring suit against his employer for an injury.

"(3)The exemption from liability given an employer under this section is also extended to the employer's insurer, the department, and the employes, officers and directors of the employer, the employer's insurer and the department except that the exemption from liability shall not apply:

"* * * * * .

"(b) Where the worker and the person otherwise exempt under this section are not engaged in the furtherance of a common enterprise or the accomplishment of the same or related objectives; or

"* * * * *."

Plaintiff argues that *defendant* was not at the time of the incident an "employe" for the purposes of ORS 656.018, and so is not immune from suit by virtue of that statute. We agree. The undisputed facts show defendant had completed his work, left his employer's premises, and returned solely on an errand of his own. Such facts are insufficient to make defendant an employe at the time of the incident for the purposes of the Workers' Compensation Act. *See, e.g., Jordan v. Western Electric Co., Inc.,* 1 Or App 441, 443-444, 463 P2d 598 (1970); *cf. Hackney v. Tillamook Growers,* 39 Or App 655, 593 P2d 1195 (April 23, 1979).

Defendant argues, however, that the immunity of ORS 656.018(3)(b) must be read more broadly. He maintains that the immunity applies as long as the *plaintiff* was still an employe for purposes of the act and the plaintiff and defendant were

"engaged in the furtherance of a common enterprise or the accomplishment of the same or related objectives."

[819]

In other words, defendant is arguing that, so long as an injured worker is engaged in an enterprise—in this case, going to his car after work—in which the party responsible for his injury is cooperating, the latter party is also employed by the employer, and the enterprise itself is one which is covered by the Act, the exclusive remedy of the injured employe is under workers' compensation law.

■ We are not required to address this contention in this case because we hold that plaintiff was not acting out of and in the course of his employment at the time of the accident. It is true that activity such as going to one's car in the employer's parking lot after work is generally regarded as conduct within the course and scope of employment. *See Willis v. State Accident Insurance Fund,* 3 Or App 565, 570, 475 P2d 986 (1970). On the other hand, we do not believe that making the trip to one's car by riding on the hood of another vehicle is such conduct. As we recently noted in *Lane v. Gleaves Volkswagen,* 39 Or App 5, 7-8, 591 P2d 368 (1979):

> "Whether the rule here applicable is to deny compensation for injuries that result from unreasonable conduct, or to deny compensation for injuries that result from prohibited conduct, or an amalgam of those two doctrines, the result is the same. A seven-foot-tall fence and locked gate was a very graphic way of prohibiting claimant from taking the route he insisted on trying when leaving his employer's premises. *Given that there was a safe alternative, claimant's decision to climb over the fence was unreasonable."* (Emphasis added.)

Here, there were *two* safe alternatives: (1) ride inside defendant's car, or (2) walk. By choosing neither, plaintiff placed himself outside the scope of the Workers' Compensation Act.[1] It follows that the trial

[1] The fact that plaintiff and a third party—the workers' compensation carrier—believed plaintiff was entitled to workers' compensation benefits does not alter our ruling. The role, if any, which such benefits may play, by way of set-off or otherwise, at a later stage of these proceedings is not a matter which we are required to address. *See, generally, Farmers Ins. Co. v. Ownby,* 40 Or App 15, 594 P2d 834 (1979).

[820]

court's award of summary judgment to defendant was error.

Reversed and remanded for trial.