Argued and submitted June 20, affirmed July 25, petition for review denied December 12, 2007 (343 Or 555)

Jeffrey E. THOMAS,
*Plaintiff-Respondent,*

*v.*

FARMERS INSURANCE COMPANY OF OREGON,
a corporation,
*Defendant-Appellant,*

*and*

Chris YONG LEE,
*Defendant.*

FARMERS INSURANCE COMPANY OF OREGON,
a corporation,
*Third-Party Plaintiff,*

*v.*

Denise VAN DOMELEN,
*Third-Party Defendant.*

Multnomah County Circuit Court
040100505; A131183

164 P3d 333

Thomas M. Christ argued the cause for appellant. With him on the briefs was Cosgrave Vergeer Kester LLP.

Robert K. Udziela argued the cause for respondent. On the brief were J. William Savage, Michael Banks, and J. William Savage, P.C.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Defendant appeals, challenging the trial court's award of attorney fees pursuant to ORS 742.061(1).[1] We affirm.

A particularized recounting of the underlying dispute would be of no benefit to the bench, bar, or public. It suffices to say that plaintiff, who was defendant's insured, sought attorney fees under ORS 742.061, advancing two alternative—and independently sufficient—grounds for why the exception to fee entitlement described in ORS 742.061(3)(b) did not apply.[2] Defendant responded, disputing the first ground but advancing no response to the second. The trial court ultimately awarded fees, concluding that the exception to fee entitlement described in ORS 742.061(3)(b) did not apply because of the second, alternative ground that plaintiff had urged.[3] On appeal, defendant, for the first time, advances arguments responding to that second, alternative and independently sufficient ground on which the trial court relied in awarding attorney fees. Defendant does not contend on appeal that the trial court's ruling in that regard constituted error apparent on the face of the record. *See* ORAP 5.45(1).

In sum, defendant had full opportunity to respond to the contention and ground on which the trial court ultimately relied, and now, for the first time, advances arguments for

---

[1] ORS 742.061(1) provides, in part:

"Except as otherwise provided in subsection[ ] * * * (3) of this section, if settlement is not made within six months from the date proof of loss is filed with an insurer and an action is brought * * * upon any policy of insurance * * * and the plaintiff's recovery exceeds the amount of any tender made by the defendant in such action, a reasonable amount to be fixed by the court as attorney fees shall be taxed as part of the costs of the action and any appeal thereon."

[2] ORS 742.061(3) provides, in part:

"Subsection (1) of this section does not apply to actions to recover uninsured * * * motorist benefits if, in writing, not later than six months from the date proof of loss is filed with the insurer:

"* * * * *

"(b) The insurer has consented to submit the case to binding arbitration."

[3] The trial court rejected plaintiff's first alternative ground—that is, the only ground to which defendant had responded.

why the trial court should not have done so. Given those circumstances, defendant's present claim of error was unpreserved for our review. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) ("[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted."); *see also State v. Rumler*, 199 Or App 32, 41, 110 P3d 115 (2005) (noting "two related questions about preservation that [appellate courts] often ask during oral argument: 'If the trial judge were sitting here today, would he or she be surprised by your argument?' And, 'If we were to reverse based on your argument, would the trial court feel "blindsided" by our ruling?' "); *State v. Taylor*, 198 Or App 460, 469, 108 P3d 682, *rev den*, 339 Or 66 (2005) ("[W]hatever the abstract content of 'issue,' 'argument,' or 'authority,' the appealing party's statements before the trial court must have alerted the trial judge and opposing counsel to the substance of the position that is advanced on appeal.").

Affirmed.