Argued and submitted March 19, West Linn High School, West Linn,
affirmed August 13, 2008

## Stanley Duane DEHIYA,
*Plaintiff-Appellant,*

*v.*

## Todd Louis SPENCER,
*Defendant-Respondent.*

Crook County Circuit Court
05CV0053; A134658

191 P3d 730

Steven D. Bryant argued the cause for appellant. With him on the brief was Bryant, Emerson & Fitch, LLP.

Janet M. Schroer argued the cause for respondent. With her on the brief was Marjorie A. Speirs.

Before Edmonds, Presiding Judge, and Sercombe, Judge, and Miller, Judge pro tempore.

EDMONDS, P. J.

**EDMONDS, P. J.**

Plaintiff appeals from the trial court's grant of defendant's motion for summary judgment. Plaintiff, a passenger in a truck driven by defendant, seeks to recover damages for personal injuries suffered as a result of an automobile accident caused by defendant. At trial, defendant moved for summary judgment on the ground that plaintiff's exclusive remedy was to make a claim under the Workers' Compensation Law, ORS chapter 656, rather than to file an action against defendant personally. The trial court granted summary judgment to defendant, and plaintiff appeals. Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to prevail as a matter of law. ORCP 47 C. We view the evidence and all reasonable inferences that may be drawn from it in the light most favorable to the nonmoving party, *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997), and we affirm.

The following facts are undisputed. Plaintiff and defendant worked for the same employer installing electrical power lines at job sites in central Oregon. During the work week they stayed at an RV park in Redmond and, on weekends, returned to their respective residences. The employer provided defendant with a company truck, which he was allowed to use for personal tasks unrelated to his job duties. Defendant's supervisor was aware that defendant usually drove plaintiff to and from the job site. The truck was also used to transport material and workers to job sites.

On the day of the accident, defendant told his employer that he had accepted another job and that day would be his last day of work. The employer instructed him to finish the work day and to drive the truck back to the RV park so that plaintiff could use it the following day. After work, plaintiff and defendant had "a couple" of beers at employer's staging area and then started back to the RV park in the truck. They stopped for dinner, played cards, and consumed alcoholic beverages at a tavern until midnight. The employer was aware that defendant had occasionally stopped for dinner on the way home in the past and had never

objected. In fact, defendant's supervisor had, in the past, met defendant and others for dinner and "a beer" after work, and defendant had driven the truck home afterward. While returning to the RV park after leaving the tavern, defendant lost control of the truck and ran off the road, striking a tree and injuring plaintiff. After the accident, defendant was arrested for driving under the influence of intoxicants, reckless driving, and reckless endangerment. At the time of the accident, defendant was aware that the employer had a written policy against driving company vehicles while under the influence of alcohol.

■        Plaintiff filed this action against defendant, seeking both economic and noneconomic damages. Defendant moved for summary judgment, arguing that plaintiff's exclusive remedy was under the Workers' Compensation Law, not against defendant personally. The trial court agreed and explained its reasoning in a letter opinion:

> "This matter was before the Court on a Summary Judgment Motion filed by the Defendant Todd Spencer and was heard before the Court on December 13, 2006. Specifically there is a Motion for Summary Judgment in this matter on the basis instead of being a personal injury case, this should be handled by workers' compensation, specifically that the facts of this case fall under the employer's conveyance rule, the traveling employee rule or the special errand rule. From the Court's perspective, the Plaintiff loses on all three counts.

> "[Defendant] as a foreman for the company was assigned a motor vehicle, required to convey other employees to work and back, was specifically on the day of giving his notice told to take the vehicle back to the mobile home park and turn the vehicle over to his fellow employee. He was required to travel to and from his residence to work sites in a company rig. Even though [defendant] may have departed from the technical rules of the company by going to dinner with his fellow employee and then driving home and then getting into an accident, he was on the special errand purpose by returning or attempting to return to the mobile home park at the time that he was involved in the accident.

> "The defendant is granted his motion for summary judgment."

The trial court then issued an order granting defendant's motion for summary judgment and, based on that order, entered judgment in defendant's favor.

Plaintiff, in his sole assignment of error on appeal, asserts that the trial court erred in ruling that his exclusive remedy for his injuries is under the Workers' Compensation Law. Defendant responds initially:

> "[D]efendant raised three exceptions to the going and coming rule, each of which was an independent basis for finding that the exclusive remedy provision of ORS 656.018(1)(a) applied to plaintiff's claim. Thus, defendant only had to convince the trial court that one of these exceptions applied in order to prevail on his motion for summary judgment. Plaintiff failed to present any argument on one of these exceptions—the employer conveyance rule—and, therefore, failed to preserve the issue for appeal. *Thomas v. Farmers Ins. Co. of Oregon*, 214 Or App 216, 219, 164 P3d 333 (2007)."

After reviewing the record, we conclude that plaintiff adequately preserved his argument in opposition to defendant's reliance on the employer conveyance rule. *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (to preserve an issue on appeal "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted"). Specifically, plaintiff's trial counsel argued that, although the journey to the RV park was made in the employer's conveyance, there was a question of fact about whether the parties left the scope of the conveyance when they stopped to eat dinner, play cards, and consume alcoholic beverages until midnight:

> "[T]he employer having a restriction on the activity that resulted in the injury, tends to bear on the question of whether the employee was acting within the course and scope of his employment. And I think [defense counsel] contends in his argument that there is no question that there were no employer rules or regulations which prevented or which prohibited the kind of conduct that occurred in this case.
>
> "* * * * *

"[T]he point of [defense counsel's] argument is that there's * * * three exceptions that allow there to be coverage, or mandate in his case as a matter of law that coverage exists.

"And if you read the memo, you're going to see that our position is that these exceptions do exist, but within each exception there is a basic obligation to satisfy that * * * the employees didn't leave the ranch and go so far outside the scope of whatever the exception is that they should not be covered by workers' compensation law, and there are a lot of cases on that, regardless of whether it's special errand, employer conveyance, or traveling employee[.]

"* * * * *

"[T]he core point of * * * all these tests is that * * * there's got to be a reasonable relationship between * * * the activity involved that benefits the employer * * * and the incident that resulted in the injury, and in this particular case there is a substantial question of fact on that."

■    We now turn to the merits of the appeal. Plaintiff argues that his "injury did not arise out of or in the course of employment. Plaintiff and defendant abandoned their employment on the evening of [December] 1, 2004 when they began drinking excessively and stayed at the bar beyond the point where defendant knew he needed to leave." But, if a worker's injury is compensable under the Workers' Compensation Law, then that remedy is exclusive, and the worker cannot seek a tort remedy against a fellow employee instead. ORS 656.018(1)(a);[1] ORS 656.018(3);[2] *Panpat v.*

---

[1] ORS 656.018(1)(a) provides:

*"The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of injuries,* diseases, symptom complexes or similar conditions arising out of and in the course of employment that are sustained by subject workers, the workers' beneficiaries and anyone otherwise entitled to recover damages from the employer on account of such conditions or claims resulting therefrom, specifically including claims for contribution or indemnity asserted by third persons from whom damages are sought on account of such conditions, except as specifically provided otherwise in this chapter."

(Emphasis added.)

[2] ORS 656.018(3) provides:

*"The exemption from liability given an employer under this section is also extended to* the employer's insurer, the self-insured employer's claims

*Owens-Brockway Glass Container, Inc.*, 334 Or 342, 348, 49 P3d 773 (2002). For an injury to be compensable under the Workers' Compensation Law, it must satisfy a two-pronged test: the injury must "arise out of" and occur "in the course of" employment. ORS 656.005(7)(a);[3] *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 596, 943 P2d 197 (1997).

First, to satisfy the "arising out of" prong, a party must show that "a causal link exist[s] between the worker's injury and his or her employment." *Fred Meyer, Inc.*, 325 Or at 596. An injury "arises out of" employment "if the risk of the injury results from the nature of his or her work or when it originates from some risk to which the work environment exposes the worker." *Id.* at 601. Second, the "in the course of" prong "concerns the time, place, and circumstances of the injury." *Id.* at 596. "An injury occurs 'in the course of' employment if it takes place within the period of employment, at a place where a worker reasonably may be expected to be, and while the worker reasonably is fulfilling the duties of the employment or is doing something reasonably incidental to it." *Id.* at 598. Activities that are "reasonably incidental" to employment may be personal in nature, "as long as the conduct bears some reasonable relationship to the employment and is expressly or impliedly allowed by the employer." *Id.* at 598-99. These two prongs are part of a single "work-connection" inquiry—"whether the relationship between the injury and the employment is sufficient that the injury should be compensable." *Id.* at 596. Neither of the prongs is individually dispositive. *Id.* However, the work-connection inquiry may be satisfied if one prong is strongly supported while the other prong is minimally supported. *Id.* at 596-97. Thus, the two prongs serve as tools to determine whether "the causal connection between the injury and the employment is sufficient to warrant compensation." *Id.* at 597.

---

administrator, the Department of Consumer and Business Services, and the contracted agents, *employees*, officers and directors *of the employer* \* \* \*."
(Emphases added.)

[3] ORS 656.005(7)(a) provides:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, *arising out of and in the course of employment* requiring medical services or resulting in disability or death[.]"
(Emphasis added.)

■     In addition, there is a general rule in Workers' Compensation Law known as the "going and coming" rule. It provides that an injury sustained while a worker is going to or coming from work is not considered to have occurred in the course of employment. *Id.* The rationale for the "going and coming" rule is that "the relationship of the employer and worker ordinarily is suspended from the time the worker leaves work to go home until he or she resumes work because, while going to or coming from work, the worker is rendering no service for the employer." *Id.* There are, however, exceptions to the general rule. One such exception is the "employer conveyance" rule.[4]

■     The "employer conveyance" rule provides that, "[w]hen the journey to or from work is made in the employer's conveyance, the journey is in the course of employment, the reason being that the risks of the employment continue throughout the journey." Arthur Larson, 1 *Workers' Compensation Law* § 15.00, 15-1 (2007). Professor Larson explains that the employer's act of supplying travel compensation or a vehicle "is evidence of the status of the journey as part of the compensated employment." Larson, 1 *Workers' Compensation Law* § 15.01[1] at 15-2. Indeed, the Supreme Court has previously recognized the "employer conveyance" rule both when the employer provides compensation for travel and when the employer provides the vehicle.[5]

---

[4] *See I-L Logging Co. v. Mfgrs. & Whlse. Ind. Exc.*, 202 Or 277, 327, 275 P2d 226 (1954); *Livingston v. State Ind. Acc. Com.*, 200 Or 468, 472-73, 266 P2d 684 (1954); *Giltner v. Commodore Con. Carriers*, 14 Or App 340, 347, 513 P2d 541 (1973).

[5] In *I-L Logging Co.*, 202 Or at 327, the Supreme Court applied the employer conveyance rule when the employer provided transportation to and from the job site:

"When transportation to and from the job site is necessarily furnished by the employer as a part of the contract of employment, and, as here, to further the business of the employer, there can be no question but that the workmen are engaged in the duties of their employment from the moment they enter the bus (or other means of transportation) provided by the employer for that purpose until they are discharged therefrom at the end of the day's work. It is immaterial that the workmen also benefit from the transportation."

Additionally, in *Livingston*, 200 Or at 472-73, the Supreme Court applied the employer conveyance rule when the employer compensated its employees for travel to and from the job site:

"We hold that if an employer pays for the employee's time during his travel from the job site to his home, the relationship of employer and employee

We conclude on the above undisputed facts that the "employer conveyance" rule applies and that, under that rule, plaintiff's injuries "arose out of" and occurred "in the course of" employment because they originated "from some risk to which the work environment exposes the worker." Specifically, by transporting plaintiff to and from work in its truck, his employer exposed plaintiff to the risk of a vehicular accident. Moreover, the injury happened "in the course of" employment because it occurred "at a place where a worker reasonably may be expected to be, and while the worker * * * is doing something reasonably incidental to it." That is, plaintiff's activity of riding in the employer's truck back to the Redmond RV park is "reasonably incidental" to his employment.

Nonetheless, plaintiff argues that his injury did not arise out of or in the course of employment because "[p]laintiff and defendant abandoned their employment on the evening of [December] 1, 2004 when they began drinking excessively and stayed at the bar beyond the point where defendant knew he needed to leave." However,

> "the correct focus is on the nature of *the activity at the time of the injury*. If the activity at the time of the injury is an activity that the employer could reasonably anticipate or expect of a traveling employee, then the activity is reasonably related to the employee's status as a traveling employee and is not a departure.
>
> "* * * It matters not whether claimant had *earlier* departed from his employment on a distinctly personal errand; that departure ended when claimant's activities again became reasonably related to his status as a traveling employee and not inconsistent with the business trip's purpose or employer's directive."

*Sosnoski v. SAIF*, 184 Or App 88, 95, 55 P3d 533, *rev den*, 335 Or 114 (2002) (emphases in original). Here, at the time of the injury, plaintiff was riding back to the Redmond RV park in his employer's conveyance—a company truck—driven by his supervisor. Even if plaintiff and defendant had previously

---

continues during that period of time, and an injury occurring during the course and, in particular, the time of such travel from accidental causes, arises out of and in the course of the employment, and is compensable."

abandoned their employment while at the tavern, they returned to an employment-related activity when they commenced to travel in the employer's truck back to the RV park. Thus, plaintiff's injuries "arose out of" and occurred "in the course of" a work activity, and plaintiff's exclusive remedy was therefore under the Workers' Compensation Law. Accordingly, the trial court did not err in concluding that there was no genuine issue of material fact and that defendant was entitled to summary judgment.

Affirmed.