Argued and submitted March 1, 2013, affirmed March 4, petition for review
denied July 9, 2015 (357 Or 551)

Toni L. TOOHEY,
individually, and as
Personal Representative of the Heirs
and the Estate of Frank R. Toohey,
Deceased.
*Plaintiff-Appellant,*

*v.*

AVIATION ADVENTURES, LLC;
et al.,
*Defendants,*

*and*

WYNDHAM WORLDWIDE CORPORATION;
Wyndham Resort Development Corporation;
and Nancy MacDonald, Personal Representative
of the Estate of Jason Ketcheson,
*Defendants-Respondents.*

Clatsop County Circuit Court
092441; A148354

345 P3d 457

Louis S. Franecke argued the cause for appellant. With
him on the briefs was Franecke Law Group.

Stephen F. Deatherage argued the cause for respondents. With him on the brief were John A. Bennett, Evelyn English Winters, and Bullivant Houser Bailey PC.

Before Armstrong, Presiding Judge, and Nakamoto, Judge, and Egan, Judge.

ARMSTRONG, P. J.

## ARMSTRONG, P. J.

Frank Toohey died in a crash of a private airplane along with the pilot of the plane, Jason Ketcheson. Both Toohey and Ketcheson worked for Wyndham Resort Development Corporation (Wyndham)—Ketcheson was a salesman in Wyndham's Seaside office and Toohey was his supervisor. Ketcheson and Toohey were flying to Klamath Falls for a Wyndham sales-training meeting when the plane crashed shortly after takeoff in Seaside. The estate and heirs of Toohey (plaintiff) brought this action against the estate of Ketcheson (defendant) asserting tort claims for wrongful death. After a bifurcated bench trial that addressed Toohey's and Ketcheson's employment status at the time of the crash, the trial court determined that both Toohey and Ketcheson were Wyndham workers who were acting in the course of their employment at the time of the crash and that Toohey's injury arose out of that employment. As a result, the trial court concluded that plaintiff's claims against defendant were barred under the exclusive-remedy provision in Oregon's Workers' Compensation Law and entered a limited judgment dismissing those claims.[1] We conclude that the trial court did not err and affirm.

Because it informs our discussion, we begin with an overview of the Workers' Compensation Law's exclusive-remedy provisions, which immunize an employer or coworker from tort claims brought by an injured employee. Generally, the Worker's Compensation Law provides the exclusive basis for liability for a complying employer for an injury of a worker that "aris[es] out of and in the course of employment" (a compensable injury).[2] ORS 656.018(1)(a). A worker with a compensable injury cannot seek a remedy against the employer

---

[1] Plaintiff also sued Wyndham Worldwide Corporation and Wyndham Resort Development Corporation, among others. The trial court dismissed plaintiff's claims against the Wyndham companies in the limited judgment that plaintiff now appeals. However, plaintiff has not raised any assignments of error on appeal that pertain to those dismissals.

[2] ORS 656.018(1)(a) provides:

"The liability of every employer who satisfies the duty required by ORS 656.017(1) is exclusive and in place of all other liability arising out of injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment that are sustained by subject workers, * * * except as specifically provided otherwise in this chapter."

under any other law or common law, "except to the extent the worker is expressly given the right under [the Workers' Compensation Law] to bring suit against the employer" for the injury.[3] ORS 656.018(2). That immunity also extends to an employee of the employer (*viz.*, a coworker) who may be responsible for the worker's injury, unless a statutory exception applies.[4] ORS 656.018(3); *Dehiya v. Spencer*, 221 Or App 539, 544, 191 P3d 730 (2008) ("[I]f a worker's injury is compensable under the Workers' Compensation Law, then that remedy is exclusive, and the worker cannot seek a tort remedy against a fellow employee instead."). One of those exceptions is "[i]f the negligence of [the coworker] is a substantial factor in causing the injury * * * and the negligence occurs outside of the capacity that qualifies the person for exemption under this section," *viz.*, outside of the coworker's employment for the employer. ORS 656.018(3)(d).

Plaintiff has not challenged on appeal the trial court's conclusion that Toohey's injury arose out of and in the course of his employment, and thus we proceed on the basis that it did.[5] Instead, plaintiff contends that the trial court erred in determining that Ketcheson's negligence

---

[3] ORS 656.018(2) provides:

"The rights given to a subject worker and the beneficiaries of the subject worker under this chapter for injuries, diseases, symptom complexes or similar conditions arising out of and in the course of employment are in lieu of any remedies they might otherwise have for such injuries, diseases, symptom complexes or similar conditions against the worker's employer under ORS 654.305 to 654.336 or other laws, common law or statute, except to the extent the worker is expressly given the right under this chapter to bring suit against the employer of the worker for an injury, disease, symptom complex or similar condition."

[4] ORS 656.018(3) provides:

"The exemption from liability given an employer under this section is also extended to the employer's insurer, the self-insured employer's claims administrator, the Department of Consumer and Business Services, and to the contracted agents, employees, partners, limited liability partners, limited liability company members, general partners, limited liability partners, limited partners, officers and directors of the employer, the employer's insurer, the self-insured employer's claims administrator and the department, except that the exemption from liability shall not apply: [if one of the exceptions in (a) through (d) applies.]"

[5] To the extent that plaintiff tried to raise that issue at oral argument, we decline to review it on appeal. *See, e.g., State v. Rivera-Negrete*, 233 Or App 96, 102, 224 P3d 702 (2009) ("We will not entertain a new argument asserted for the first time during oral argument before this court.").

occurred within his employment for Wyndham, such that the exclusive-remedy provision immunized defendant from plaintiff's wrongful death claims.

With that background in place, we turn to the facts and the trial court's ruling. Because the trial court acted as the factfinder below, we review the court's findings for any evidence to support them and its conclusions for legal error. *Allco Enterprises v. Goldstein Family Living Trust,* 183 Or App 328, 330, 51 P3d 1275 (2002).

Ketcheson was employed by Wyndham as a sales representative in Wyndham's Seaside office. Toohey was also employed by Wyndham and was Ketcheson's supervisor. As part of his job, Toohey was required to go to other Wyndham offices in Oregon to conduct training. On at least one other occasion, Toohey had taken a sales representative with him to another office for a training session to assist and motivate the other sales representatives. On this occasion, Toohey selected Ketcheson to assist him in a training meeting in Klamath Falls, and everyone at the Seaside office was aware in advance that they were going to fly there in a private aircraft piloted by Ketcheson. They left from the Seaside airport early on the morning of the training meeting and the plane crashed shortly after takeoff, killing both Ketcheson and Toohey. Plaintiff brought this action against defendant, among others, for Toohey's wrongful death.

After a bench trial on the issue whether Ketcheson was acting within his employment for Wyndham at the time of the crash, the trial court made an extensive ruling. That ruling included the following findings and conclusions:

"I think they both decided to fly to Klamath Falls for that purpose [to attend the training session]. They left Seaside Airport the morning of August 4th, 2008, and unfortunately the plane crashed. Obviously, and I specifically find, and I think I've already said, the plane they were flying was certainly not owned by Wyndham, and I agree that Jason Ketcheson was not a pilot hired by Wyndham, but I don't think that necessarily controls. I think they were both going to Klamath Falls in the course and scope of their employment. That was the only purpose for that trip. And it was just another normal workday, and if it hadn't have been for the plane crash, I think it would have been

just another day at the office, although it was at Klamath Falls and not at Seaside.

"* * * * *

"I think Mr. Ketcheson loved to fly, and he was going to take advantage of the fact that they could fly to Klamath Falls, get there a lot quicker than driving, and they decided to go by plane. If they decided to go by motorcycle or bicycle or go to Portland—I don't know if the train goes through Klamath Falls or not, I think they could have done that as well, but they decided to fly down there. So I think it's all part of just a normal trip going on—going somewhere for business.

"* * * * *

"I did * * * look at Uniform [Civil] Jury Instruction 57.05, which was what [plaintiff's counsel] had in one of his documents that he filed in relation to this hearing, and looked at the elements for scope of employment, but even then, if I looked at that standard, I think the workers' comp[ensation] rules are what govern because we're talking about immunity that attaches or the inability to sue somebody if that pertains, but was Ketcheson's act of a general kind or nature that he was employed or authorized to perform. He wasn't employed to fly, but he was certainly employed to be a sales representative and, from the evidence, to go to Klamath Falls to do that. His acts occurred substantially within the authorized limits of time and place, and I've already talked about that, and obviously was motivated, at least in part, by a purpose to serve the employer, and I think that one is particularly dead-bang on. So I think those—even then those elements are covered.

"So I think what it boils down to here is that they were traveling to work to Klamath Falls and took off from the Seaside Airport as part of their employment for Wyndham. They didn't deviate from their travel plans. It's not like they were headed to Klamath Falls but flew to Boise first for lunch or something like that.

"If they had decided to drive and had an injury as a result, they would be the same status as far as application of the workers' compensation laws in Oregon. They were going there for work purposes, and they were expected to travel and get there somehow, so I think that makes them traveling employees, it makes them covered under workers' comp[ensation].

"* * * * *

"So the ruling, I don't see any other way to make it, is that the Ketcheson Estate cannot be sued by the Frank Toohey Estate, and that's the way the Oregon law is, and so that's the ruling."

Plaintiff now appeals, asserting four assignments of error, each of which we address below.

Plaintiff first argues that, for the tort immunity in ORS 656.018 to apply to plaintiff's claims against defendant, Ketcheson must have been a "subject worker" under ORS 656.027. Plaintiff asserts that Ketcheson is not a "subject worker" because the exception in ORS 656.027(4) applies, which provides that "[a]ll workers are subject to this chapter except," among others, "[a] person for whom a rule of liability for injury or death arising out of and in the course of employment is provided by the laws of the United States." Plaintiff contends that that exception applies because, while Ketcheson was flying the plane, the rules of the Federal Aviation Administration (FAA), that is, federal law, governed Ketcheson's conduct and that, when Ketcheson violated those rules, he was violating "a rule of liability" as contemplated by ORS 656.027(4).[6]

We reject plaintiff's reading of ORS 656.027(4). The exception to the definition of "subject worker" to which plaintiff refers is directed at certain types of workers who are eligible for benefits under a parallel federal statutory compensation scheme for work-related injuries. *See Mann v. SAIF*, 91 Or App 715, 716, 756 P2d 76 (1988) (holding that, because worker's injury was covered by the federal Longshoremen's and Harbor Workers' Compensation Act, he was not a "subject worker"). That exception does not speak to a situation in which a coworker may be liable to an injured worker under a federal law—that is not the point of ORS 656.027. The point of the statute is to identify "subject workers" whose work-related injuries are covered by Oregon's

___

[6] Plaintiff also appears to argue that the trial court erred in excluding from the bifurcated bench trial evidence that Ketcheson had violated FAA rules. To the extent that plaintiff has properly raised that issue, we reject it. Because the FAA rules, and Ketcheson's compliance or noncompliance with those rules, are not relevant to determining whether Ketcheson was acting within his employment for Wyndham, the trial court did not err in excluding that evidence.

Workers' Compensation Law, not to identify coworkers who can be sued despite the exclusive-remedy provisions in ORS 656.018. Coworkers who are subject to suit are already identified in ORS 656.018(3)(a) to (d), which is the logical location of any exception to the immunity extended to coworkers by ORS 656.018(3). Plaintiff has not identified any federal compensation scheme that could be applicable to this case, nor has plaintiff provided a plausible explanation as to why ORS 656.027(4), even if applicable, operates to override or add to the specific exceptions to coworker immunity set forth in ORS 656.018(3).

In its second assignment of error, plaintiff contends that the trial court applied the wrong legal test to determine if, when Toohey was injured, Ketcheson's conduct was within his employment. Plaintiff argues that the court should have applied the common-law vicarious-liability test for attributing employee torts to an employer, as embodied in the Uniform Civil Jury Instruction 57.05, and not the test in the Workers' Compensation Law for determining whether a subject worker's injury is compensable, ORS 656.005(7)(a).[7] Alternatively, plaintiff contends that the trial court incorrectly applied ORS 656.005(7)(a) because the totality of the circumstances here demonstrate that there was no causal link between Ketcheson's employment and Toohey's injury because (1) Ketcheson was not working for Wyndham while flying and (2) Ketcheson's conduct in flying the plane was so unreasonable that a causal link cannot be established, relying on *Sumner v. Coe*, 40 Or App 815, 596 P2d 617 (1979).

First, we decline to reach plaintiff's argument regarding the correct law to apply because the trial court applied both the Workers' Compensation Law and the common-law test for vicarious liability to the facts of the case and found that, under each test, Ketcheson was acting

---

[7] ORS 656.005(7)(a) provides, in part:

"A 'compensable injury' is an accidental injury, or accidental injury to prosthetic appliances, *arising out of and in the course of employment* requiring medical services or resulting in disability or death."

(Emphasis added.) We note that the definition for a compensable injury under ORS 656.005(7)(a)—an injury that "aris[es] out of and in the course of employment"—is the same description as for an injury that is covered by the exclusive-remedy provisions, ORS 656.018(1), (2).

within his employment when he and Toohey crashed in the plane. As a result, any error that the trial court may have made in concluding that the Workers' Compensation Law test was the correct test to apply provides no basis for us to reverse the judgment. *See* ORS 19.415(2) ("No judgment shall be reversed or modified except for error substantially affecting the rights of a party.").

As to the trial court's application of the common-law test, plaintiff does not address it, and plaintiff's argument that the test was not met is based on statements that are directly contrary to the express findings made by the court, which are supported by evidence in the record. Moreover, we agree with the trial court that the fact that Ketcheson was not employed by Wyndham as a pilot was not a material consideration. The relevant inquiry was whether Ketcheson's travel to Klamath Falls was work related, which it was. *See Sosnoski v. SAIF*, 184 Or App 88, 93, 55 P3d 533, *rev den*, 335 Or 114 (2002) ("When travel is part of employment, 'the risk of [injury during activities necessitated by travel] remains an incident to the employment even though the employee may not actually be working at the time of the injury.'" (Quoting *PP & L v. Jacobson*, 121 Or App 260, 263, 854 P2d 999, *rev den*, 317 Or 583 (1993)) (alteration in *Sosnoski*)). As a result, to the extent a proper challenge was made, we also reject plaintiff's challenge to the trial court's conclusion that Ketcheson was acting within the scope of his employment under the common-law test.

Second, we reject plaintiff's argument that the trial court erred in concluding that there was a causal link between Toohey's injuries and Ketcheson's employment, as required by ORS 656.005(7)(a). "For an injury to be compensable under the Workers' Compensation Law, it must satisfy a two-pronged test: the injury must 'arise out of' and occur 'in the course of' employment." *Dehiya*, 221 Or App at 545 (citing ORS 656.005(7)(a) and *Fred Meyer, Inc. v. Hayes*, 325 Or 592, 596, 943 P2d 197 (1997)). The "arise out of" prong requires a party to show a causal link between the worker's injury and his employment. *Id.* Here, the trial court found that part of Toohey's employment was to conduct training at other offices and that he had selected Ketcheson to assist him, so that Ketcheson was "working for Wyndham, and he

was furthering Wyndham's interests in doing so," and that they had decided to fly to Klamath Falls for that purpose, and "[t]hat was the only purpose for that trip." We conclude that there is evidence in the record to support those findings, and those findings were sufficient for the trial court to conclude that Toohey's injury arose out of Toohey's and Ketcheson's employment with Wyndham.

We disagree with plaintiff that "[t]he risks created by Ketcheson are not the risk of employment assumed by Toohey" thus breaking the causal link. The risk of a plane crash is precisely the type of risk created by employment when an employee conducts work-related travel by plane. Similarly, we reject plaintiff's argument based on *Sumner* that Ketcheson's conduct in flying the plane was so unreasonable that it could not have arisen out of his employment. In *Sumner*, at the end of the worker's shift a fellow employee, who had left and retrieved his car, offered to give the worker a ride on the hood of his car over to the worker's car, which was in the employer's parking lot. The worker accepted, but then fell off and sustained injuries. 40 Or App at 817. We concluded that the injured worker was not within the course of his employment because riding on the hood of a car was either an unreasonable or a prohibited means by which to travel across the employer's parking lot. *Id.* at 820. This case does not resemble *Sumner*. There is nothing inherently unreasonable in Toohey and Ketcheson deciding to fly in a private plane piloted by Ketcheson to a work meeting—as opposed to riding on the hood of a car—and the evidence supports the trial court's finding that there was no evidence that company policy prohibited travel by private plane.[8]

In its third assignment of error, plaintiff contends that, even if Ketcheson's conduct did arise out of and in the course of employment, immunity does not attach because (1) the flight for Ketcheson was an excluded social or recreational activity to which no "dual purpose" applied, ORS 656.005(7)(b)(B) ("'Compensable injury' does not include * * * [i]njury incurred while engaging in or performing, or

---

[8] To the extent plaintiff also asserts that Ketcheson's conduct was akin to noncompensable "self-inflicted injury," we reject that argument without discussion.

as the result of engaging in or performing, any recreational or social activities primarily for the worker's personal pleasure[.]"), or (2) it was subject to the "going and coming" rule, which excludes from compensation injuries incurred while travelling to and from an employee's place of work, *Krushwitz v. McDonald's Restaurants*, 323 Or 520, 526, 919 P2d 465 (1996).

With regard to plaintiff's first argument based on ORS 656.005(7)(b)(B), the trial court expressly found that Ketcheson and Toohey were making the trip to Klamath Falls solely for the purpose of conducting business for Wyndham and that there was no evidence of any recreational aspect to the trip. As we concluded above, there is evidence in the record to support the court's findings and, thus, we reject plaintiff's argument.

We also reject plaintiff's argument based on the "going and coming" rule. Under that general rule, a worker's injury that is sustained while going to or coming from the worker's place of work "is not considered to have occurred in the course of employment." *Dehiya*, 221 Or App at 546. However, an exception to that rule is for traveling employees— *viz.*, the travel itself is work related or employer sponsored. *Sosnoski*, 184 Or App at 93. A traveling employee is continuously within the course of employment, unless the employee engages in a distinct departure on a personal errand. *Id.* Plaintiff does not contend that the "distinct departure" rule applies here, and the trial court found that Ketcheson's and Toohey's travel was work related, which is supported by evidence in the record. Thus, the trial court correctly determined that the "going and coming" rule did not apply to these circumstances.

Finally, in its fourth assignment of error, plaintiff contends that the trial court violated ORS 656.595(2) by admitting and considering evidence that the beneficiaries of Toohey and Ketcheson had received workers' compensation benefits. ORS 656.595(2) provides that, "[i]n any third party action brought pursuant to this chapter, the fact that the injured worker or the beneficiaries of the injured worker are entitled to or have received benefits under this chapter shall not be pleaded or admissible in evidence."

We disagree that ORS 656.595(2) applies in this instance because the evidence of payment of workers' compensation benefits was not introduced in a "third party action." In an action where a defendant challenges whether the claim brought is a "third party action," that challenge is to be raised in supplemental pleadings and tried to the court. ORS 656.595(3) ("A challenge of the right to bring such third party action shall be made by supplemental pleadings only and such challenge shall be determined by the court as a matter of law."). The Oregon Supreme Court has applied that statute to challenges based on the Workers' Compensation Law exclusive-remedy provisions and explained that that statute provides for "trial by the court without a jury of the issues raised by the supplemental answer." *Cornelison v. Seabold*, 254 Or 401, 404, 460 P2d 1009 (1969); *see also Bibby v. Hillstrom*, 260 Or 367, 372, 490 P2d 161 (1971) (any claim of offset for workers' compensation benefits paid to plaintiff must be determined by the trial court with the use of supplement pleadings and proceedings). In *Cornelison*, the court also concluded that that procedure—requiring the trial court to determine the facts underlying the legal issue of whether the exclusive-remedy bar applied—is constitutional. In so deciding, the court emphasized that the issues raised by the supplemental challenge are distinct from the nature of the overall action:

> "Thus, although the overall proceeding is one known to common law the particular issue raised by the supplemental answers is not one known to the common law. Analytically, it would seem that it should be the nature of the particular issue in the proceeding, rather than that of the entire proceeding, which should dictate whether this issue is to be tried with or without a jury."

*Id.* at 406.

That same analytical approach informs the issue raised by plaintiff here. The trial court admitted evidence that the beneficiaries of Toohey and Ketcheson had received workers' compensation benefits only in the supplemental proceeding before the court of whether immunity attached to Ketcheson's actions, that is, to determine whether Ketcheson was acting within his employment. That proceeding is not a "third party action." It is a separate,

supplemental proceeding that is, by statute, made distinct from the overall proceeding. Until the trial court resolved defendant's challenge to plaintiff's action as a "third party action," plaintiff could not proceed against defendant. *See* ORS 656.018(3)(a) - (d) (setting out exceptions for coworker immunity); ORS 656.154 ("If the injury to a worker is due to the negligence or wrong of a third person not in the same employ, the injured worker, or if death results from the injury, the spouse, children or other dependents, as the case may be, may elect to seek a remedy against such third person."); *SAIF v. Meredith,* 104 Or App 570, 574, 802 P2d 95 (1990) ("'[The term 'third person'] applies to any one incurring a common law liability for injury to workmen not immune to suit under the Act.'" (Quoting *Wimer v. Miller,* 235 Or 25, 32, 383 P2d 1005 (1963)) (brackets in *Meredith*)). Evidence of the payments was relevant to the issue for which the court admitted it, and it was not required to be excluded by ORS 656.595(2).

Affirmed.