No. 579 June 24, 2026 875

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

De LIU,
*Plaintiff-Appellant,*
*v.*
Ping HUANG,
*Defendant-Respondent.*
Washington County Circuit Court
21CV42540; A188300

Brandon M. Thompson, Judge.

Submitted June 2, 2026.

Michael Litvin and Motivate Law, LLC, filed the briefs for appellant.

Ping Huang filed the brief *pro se*.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

Plaintiff appeals from a judgment for defendant in a negligence action arising from a domestic dispute on November 8, 2019, allegedly resulting in a disc herniation in plaintiff's lower back. In a single assignment of error, plaintiff challenges the trial court's factual finding that he did not have any complaints of low back pain indicating the disc herniation on November 11, 2019, and that plaintiff's own testimony indicated that he did not have symptoms associated with the disc herniation until at least November 15, 2019. Assuming that assignment is preserved, we affirm.

We review a trial court's factual findings for any evidence to support them that is sufficient to allow a reasonable inference in favor of the court's finding. *Toohey v. Aviation Adventures, LLC*, 269 Or App 416, 420, 345 P3d 457, *rev den*, 357 Or 551 (2015); *Garcia-Ascencio v. Gonzalez*, 321 Or App 751, 761, 517 P3d 332 (2022). Under that "deferential standard of review," we will affirm a factual finding if it is supported by any evidence in the record. *State v. Traylor*, 267 Or App 613, 616, 341 P3d 156 (2014) (internal quotation marks omitted).

At trial, whether the altercation caused the disc herniation was a key issue. Medical evidence indicated symptoms should develop "in relatively short order" after the incident. The court found that plaintiff did not experience symptoms, including severe back pain and loss of control of his right foot, until November 15 and thus determined that the altercation did not cause his injury. As noted, plaintiff challenges the factual finding as to the date of the onset of his symptoms, arguing that the record required the trial court to find that he experienced symptoms on November 11.

The trial court's finding that plaintiff did not experience symptoms until November 15 was supported by plaintiff's doctor's testimony, plaintiff's text messages from that period, and plaintiff's own testimony.

Plaintiff visited his primary care physician on November 11. His doctor testified that:

"He came into my office very distraught. He shared with me that he had a little domestic violence dispute at home *** and that he fell back and hit his head quite hard. *** He was worried that he was having a concussion."

The doctor concluded that there was "no concussion, just obviously bruising of [his] head. *** And that was that for that visit." The doctor confirmed that "[t]here is nothing in the November 11th report that references any injury to [plaintiff's] low back or buttocks," and that, on November 11, there was no "indication of low back radiculopathy on the right side." Plaintiff testified that, leaving the office, "[t]he pain was not severe. I [ ] rated [it] three out of ten and my ability [to walk] [was] not impacted."

In plaintiff's text messages after the incident but prior to November 15, he did not describe pain or any symptoms in his low back or right leg. Indeed, on November 11, he texted that he had used his right foot to massage his left leg, indicating continuing mobility.

And plaintiff's testimony supports the onset of symptoms associated with herniation on November 15. Plaintiff testified that when he went to the doctor on November 11, he was experiencing head and buttock pain but was most concerned about the head pain and a possible concussion. He further testified that he first experienced loss of control of his right foot and increasingly severe pain in his buttocks on November 15. Although plaintiff 's testimony could support a finding that he experienced some pain immediately after the incident, the record as a whole is sufficient to support the trial court's determination that plaintiff did not experience symptoms of the disc herniation on November 11. *See Irvin Petersen Trucking, LLC v. Scala*, 342 Or App 221, 223, 576 P3d 517 (2025) ("To the extent that the trial court resolved disputed factual issues in making its ruling, we will not disturb the trial court's express or implicit factual findings as long as those findings are supported by the evidence." (Internal quotation marks and brackets omitted.)).

Affirmed.